# United States Bankruptcy Court
## Northern District of Iowa (Mason City)
## Bankruptcy Petition #: 19–00507

|  |  |
|---|---|
| *Assigned to:* Thad J. Collins | *Date filed:* 04/25/2019 |
| Chapter 7 | *Date converted:* 12/09/2019 |
| Previous chapter 11 | *341 meeting:* 01/27/2020 |
| Original chapter 11 | *Deadline for filing claims:* 04/08/2020 |
| Voluntary |  |
| Asset |  |

**Debtor**
**McQuillen Place Company, LLC**
1110 North Grand Ave., Suite 300
Charles City, IA 50616
FLOYD–IA
847–456–1911
Tax ID / EIN: 46–3987825
*aka* **Classic Cleaners**
*aka* **Classic Cleaners of Charles City**

represented by **J D Haas**
J D Haas & Associates, PLLC
1120 E. 80th St.
Suite 200
Bloomington, MN 55420
952–345–1025
Fax : 952–854–1665
Email: jdhaas@jdhaas.com

**Donald H. Molstad**
701 Pierce St., Ste. 305
Sioux City, IA 51101
712–255–8036
Email: judylaw308@yahoo.com

**Charles McQuillen Thomson**
Law Office of Charles M. Thomson
1110 North Grand Ave., Suite 300
Charles City, IA 50616
847–456–1911
Fax : 847–495–3488
Email: cthomson@doall.com

**Trustee**
**Charles L. Smith**
25 Main Place, Ste 200
P.O. Box 248
Council Bluffs, IA 51502–0248
712–325–9000

represented by **Telpner Peterson Law Firm, LLP**
25 Main Place, Suite 200
Council Bluffs, IA 51503
712–325–9000

**U.S. Trustee**
**United States Trustee**
United States Federal Courthouse
111 7th Avenue SE, Box 17
Cedar Rapids, IA 52401–2101
319–364–2211

represented by **L Ashley Zubal**
U.S. Trustee
Federal Building
210 Walnut Street, Rm 793
Des Moines, IA 50309–2108
515–323–2269
Email: Ashley.zubal@usdoj.gov

**Cred. Comm. Chair**
**Allen O. Pederson**
412 Sample Street
Nashua, IA 50658

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 04/24/2020 | | 159 | Notice Setting Bar Date for Objections Re: Motion – *for Partial Withdrawal of the Reference* Filed by Cornice & Rose International, LLC (related document(s)157 Motion). Objections due by 5/15/2020. (Kruse, Bradley) (Entered: 04/24/2020) |
| 04/24/2020 | | 160 | Hearing Set (related document(s)155 Motion to Reconsider, 156 Motion to Reconsider, 158 Motion To Stay) Hearing scheduled for 5/8/2020 at 03:00 PM via Telephonic Hearing. (dcri) (Entered: 04/24/2020) |
| 04/27/2020 | | 162 | Notice of Appearance and Request for Notice by Eric J. Langston Filed by Interested Party Four Keys, LLC. (Langston, Eric) Modified on 4/28/2020 (tsta). (Entered: 04/27/2020) |
| 04/27/2020 | | 163 | Notice of Appearance and Request for Notice by Eric W. Lam Filed by Interested Party Four Keys, LLC. (Lam, Eric) (Entered: 04/27/2020) |
| 04/27/2020 | | 164 | Status Report Filed by Interested Party Four Keys, LLC. (Attachments: # 1 Exhibit Exhibit A) (Langston, Eric) (Entered: 04/27/2020) |
| 04/28/2020 | | 165 | Report of Trustee (re: sale, settlement or lease) I, Charles L. Smith, Trustee in the case, report that the sale, settlement or lease set forth is complete; and the estate has received the proceeds from the party or parties identified therein for the property or actions listed. Filed by Charles L. Smith (related document(s)134 Sell/Sale of Property). (Smith, Charles) (Entered: 04/28/2020) |
| 05/06/2020 | | 166 | Objection to Motion to Reconsider Filed by Four Keys, LLC (related document(s)155 Motion to Reconsider). (Lam, Eric) (Entered: 05/06/2020) |
| 05/06/2020 | | 167 | Objection to Motion *for Withdrawal of Reference* Filed by Four Keys, LLC (related document(s)157 Motion). (Lam, Eric) (Entered: 05/06/2020) |
| 05/06/2020 | | 168 | Objection to Motion to Reconsider Filed by Four Keys, LLC (related document(s)156 Motion to Reconsider). (Lam, Eric) (Entered: 05/06/2020) |
| 05/06/2020 | | 169 | Objection to Motion To Stay Filed by Four Keys, LLC (related document(s)158 Motion To Stay). (Lam, Eric) (Entered: 05/06/2020) |
| 05/06/2020 | | 170 | Motion to Appear pro hac vice *(Louis K. Bonham)* Filed by Cornice & Rose International, LLC (Kruse, Bradley) (Entered: 05/06/2020) |
| 05/07/2020 | | 171 | Response to Motion to Reconsider, Motion to Reconsider, Motion To Stay Filed by City of Charles City, Iowa (related document(s)155 Motion to Reconsider, 156 Motion to Reconsider, 158 Motion To Stay). (Clark, Monica) (Entered: 05/07/2020) |
| 05/07/2020 | | 172 | Joinder in Objection *to Motion for Reconsideration* Filed by Trustee Charles L. Smith (related document(s)166 Objection). (Smith, Charles) (Entered: 05/07/2020) |

| | | | |
|---|---|---|---|
| 05/07/2020 | | 173 | Joinder in Objection *to Motion for Withdrawal of Reference* Filed by Trustee Charles L. Smith (related document(s)167 Objection). (Smith, Charles) (Entered: 05/07/2020) |
| 05/07/2020 | | 174 | Joinder in Objection *to Motion for Reconsideration of Order* Filed by Trustee Charles L. Smith (related document(s)168 Objection). (Smith, Charles) (Entered: 05/07/2020) |
| 05/07/2020 | | 175 | Joinder in Objection *to Motion for Stay* Filed by Trustee Charles L. Smith (related document(s)169 Objection). (Smith, Charles) (Entered: 05/07/2020) |
| 05/07/2020 | | 176 | Order Granting Motion To Appear pro hac vice (Louis K. Bonham) (Related Doc # 170) Dated and Entered on 5/7/2020. (tsta) (Entered: 05/07/2020) |

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MCQUILLEN PLACE COMPANY, LLC, an | ) | Case No. 19-00507 |
| Iowa limited liability company, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Thad J. Collins |
| | ) | |
| | ) | |

### NOTICE OF OBJECTION BAR DATE TO MOTION TO WITHDRAW REFERENCE

NOTICE IS HEREBY GIVEN that on the 24th of April, 2020, Cornice & Rose International, LLC, filed its MOTION OF CORNICE & ROSE INTERNATIONAL, LLC, FOR PARTIAL WITHDRAWAL OF THE REFERENCE [Docket No. 157] (the "Motion"). A copy of the Motion may be obtained from the undersigned or may be viewed at the Clerk, U.S. Bankruptcy Court, Northern District of Iowa, 111 7th Avenue, SE, Sixth Floor, Cedar Rapids, IA 52401. A copy of this Notice has been served upon all creditors and parties of interest as listed below.

NOTICE IS FURTHER GIVEN any and all objections to the Motion must be filed on or before the 15th day of May, 2020. The objection must be filed with the Clerk, U.S. Bankruptcy Court, Northern District of Iowa, 111 7th Avenue, SE, Sixth Floor, Cedar Rapids, IA 52401, and simultaneously a service copy must be mailed to counsel, Bradley R. Kruse, Esq., Dickinson, Mackaman, Tyler & Hagen, P.C., 699 Walnut Street, Suite 1600, Des Moines, Iowa 50309-3986.

NOTICE IS FURTHER GIVEN that timely-filed objections, if any, will be set for hearing by separate notice. If no objections are filed, the appropriate order will be entered.

Respectfully submitted,

CORNICE & ROSE INTERNATIONAL, LLC

/s/Bradley R. Kruse
Bradley R. Kruse AT0004483
Dickinson, Mackaman, Tyler & Hagen, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3986
direct:(515)246-4505
fax: (515)246-4550
email: bkruse@dickinsonlaw.com

## CERTIFICATE OF SERVICE

 This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated this 24th day of April, 2020, and was also mailed via the United States mail with postage pre-paid on that same day to the parties displayed on the Service List appended hereto.

/s/ *Heidi Dorrell* _____

Label Matrix for local noticing
0862-4
Case 19-00507
Northern District of Iowa
Mason City
Fri Apr 24 12:55:01 CDT 2020

Amelia Management, LLC
1110 N. Grand Avenue, Ste. 300
Charles City, IA 50616-2139

Amelia Trust
c/o Charles M. Thomson, Trustee
1110 North Grand Ave., Suite 300
Charles City, Iowa 50616-2139

Amelia Trust
c/o Judith M. O'Donohoe
PO Box 307
116 N. Main Street
Charles City, IA 50616-2015

Atlas Painting
911 Sycamore Street
Waterloo, Iowa 50703-4815

BRP Bruening
900 Montgomery Street
Decorah, Iowa 52101-2343

Bergan KDV
P.O. Box 2100
Waterloo, IA 50704-2100

Bluhm's Cedar Valley Electric
409 South Johnson Street
Charles City, Iowa 50616-2621

Bluhm's Cedar Valley Electric
PO BOX 287
FLOYD, IA 50435-0287

Cedar Rapids Bank & Trust Company
500 First Avenue, NE
PO Box 789
Cedar Rapids, IA 52406-0789

Cedar Rapids Bank & Trust Company
c/o Joseph E. Schmall
PO Box 2804
Cedar Rapids, IA 52406-2804

Cedar Rapids Bank & Trust Company
c/o Laura M. Hyer
PO Box 2804
Cedar Rapids, IA 52406-2804

Cerro Gordo County, Iowa
Carlyle D Dalen
Asst. County Atty.
220 N. Washington Ave.
Mason City, Ia 50401-3220

Charles M. Thomson
1110 N. Grand Ave., Suite 300
Charles City, Iowa 50616-2139

Cincinnati Insurance
Post Office Box 145496
Cincinnati, OH 45250-5496

City of Charles City, IA
c/o Brad Sloter
200 North Johnson Street
Charles City, IA 50616

City of Charles City, Iowa
105 Milwaukee Mall
Suite 2
Charles City, IA 50616-2280

City of Charles City, Iowa
c/o Monica Clark
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

Monica L Clark
Dorsey & Whitney LLP
500 South Sixth Street, Suite 1500
Minneapolis, MN 55415-1532

Cornice & Rose International, LLC
804 Roberts Road
Barrington, IL 60010-1142

Cornice & Rose International, LLC
804 Roberts Road
Tower Lakes
Barrington, IL 60010-1142

Cornice & Rose International, LLC
c/o Bradley R. Kruse
699 Walnut Street, Suite 1600
Des Moines, IA 50309

Cornice & Rose Intl Ltd.
804 W Roberts Road
Barrington, IL 60010-1142

Custom Air
Brett Payton
10443 Osage Rd
Waterloo, IA 50703-9349

Day Rettig Martin, P.C.
150 1st St NE - Suite 415
Cedar Rapids, IA 52401-1110

Day Rettig Martin, P.C.
150 1st St NE - Suite 415
P.O. Box 2877
Cedar Rapids, IA 52406-2877

Dean Snyder Construction
913 N. 14th Street
Clear Lake, Iowa 50428-2138

Dean Snyder Construction Co.
P.O. BOX 181
913 N 14th Street
Clear Lake, IA 50428-2138

(p)CEDAR VALLEY STEEL INC
280 50TH AVE SW
CEDAR RAPIDS IA 52404-4933

Donald H Molstad
505 6th St , Suite 308
Sioux City, Ia 51101-1201

Larry S. Eide
103 East State Street, Suite 800
PO Box 1588
Mason City, IA 50402-1588

Elwood Law Firm
116 N. Main Street
Charles City, Iowa 50616-2015

Elwood Law Firm
c/o Judith O'Donohoe
116 North Main Street
PO Box 307
Charles City, IA  50616

Elwood, O'Donohoe, Braun & White
116 N. Main St., PO Box 307
Charles City IA 50616-0307

First Security Bank & Trust Company
809 Clark Street
Charles City, IA 50616-2208

First Security Bank & Trust Company
809 Clark Street
PO Box 577
Charles City, IA 50616-0507

First Security Bank & Trust Company
c/o Eric J. Langston
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401

First Security Bank & Trust Company
c/o Eric W. Lam
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401

First Security Bank & Trust Company
c/o Larry S. Eide
Pappajohn, Shriver, Eide & Nielsen P.C.
103 East State Street, Suite 800
PO Box 1588
Mason City, IA 50402-1588

Floyd County Treasurer
101 South Main Street Ste 303
Charles City, Iowa 50616-2792

Brandon James Gray
Iowa Attorney General's Office
1305 Walnut
Des Moines, IA 50319-0109

J D Haas
J D Haas & Associates, PLLC
1120 E. 80th St.
Suite 200
Bloomington, MN 55420-1407

Hawkeye Alarm
16 Commercial Street
Waterloo, Iowa 50701-1310

Hildreth & Co., LLC
1110 N. Grand Ave., Suite 300
Charles City, Iowa 50616-2139

Laura Michelle Hyer
Bradley & Riley, PC
PO Box 2804
Cedar Rapids, IA 52406-2804

IL Switchboard
125 West Laura Drive
Addison, IL 60101-5178

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Iowa Economic Development Authority
200 E Grand Avenue
Des Moines, IA 50309-1834

Iowa Economic Development Authority
Office of the Attorney General of Iowa
ATTN:  Bankruptcy Unit
1305 E. Walnut Street
Des Moines, IA 50319-0109

James A Gray
James Gray
804 Roberts Road
Barrington, IL 60010-1142

Jed Construction
102 Grand Street
Elma, Iowa 50628-8189

Jendro Sanitation
108 Prospect Lane
Charles City, Iowa 50616

Judith Mack Odonohoe
P O Box 307
116 N Main St
Charles City, Ia 50616-2015

Kamm Excavating Corp
1301 Hildreth Street
Charles City, IA 50616-3663

Bradley R. Kruse
699 Walnut St., Ste. 1600
Des Moines
Des Moines, IA 50309-3944

L. Ashley Zubal
Trial Attorney
U.S. Trustee
Federal Building
210 Walnut Street, Rm 793
Des Moines IA 50309-2108

Eric W. Lam
115 Third Street S.E. Suite 1200
Cedar Rapids, IA 52401-1222

Eric J. Langston
Simmons Perrine Moyer Bergman PLC
115 Third Street SE
Suite 1200
Iowa
Cedar Rapids, IA 52401-1226

Larry Steven Eide
103 E. State St., Suite 800
P.O. Box 1588
Mason City, IA 50402-1588

Laura Michelle Hyer
P O Box 2804
2007 1st Ave S E
Cedar Rapids, IA 52402-6344

MAS
41W195 Railroad Street
Pingree Grove, IL 60140-8980

McQuillen Place Company, LLC
1110 North Grand Ave., Suite 300
Charles City, IA 50616-2139

Mediacom
1 Mediacom Way
Mediacom Park
New York, NY 10918-4810

Mick Gage Plumbing & Heating
511 West Milwaukee Street
New Hampton, Iowa 50659-1105

Mid American Energy
666 Grand Ave.
Des Moines, Iowa 50309-2580

Midwest Engineering
8236 W. 51st Street
Sioux Falls, SD 57106-7861

Midwest Fire Sprinkler
2001 De Wolf Street
Des Moines, Iowa 50316-2761

(p)MILLS INC
1906 GILBERT ST
CHARLES CITY IA 50616-9171

Donald H. Molstad
701 Pierce St., Ste. 305
Sioux City, IA 51101-1037

Judith O'Donohoe
Elwood, O'Donohoe, Braun & White, LLP
116 North Main Street
P.O. Box 307
Charles City, IA 50616-0307

O'Hara's Son Roofing Corporation
3306 N. Knox Avenue
Chicago, IL 60641-4434

Allen O. Pederson
412 Sample Street
Nashua, IA 50658-9696

Pederson Plumbing
412 Sample Street
Charles City, IA 50616

Pederson Plumbing
Allen O. Pederson
412 Sample Street
Nashua, Iowa 50658-9696

Phillips Modern Ag
2153 S. Linn Ave.
New Hampton, Iowa 50659-9414

Planscape Partners
1200 Nicollet Ave.
Suite 706
Minneapolis, MN 55403-2409

Premier Cleaners
816 First Avenue N
Fort Dodge, IA 50501-3906

Randall Eugene Nielsen
P O Box 1588
103 E State St ,Suite 800
Mason City, IA 50401-3334

Robert Cardell Gainer
505 5th Ave Suite 835
Des Moines, IA 50309-2317

Schindler Elevator Corporation
1530 Timberwolf Drive
Holland, Ohio 43528-9161

Schindler Elevator Corporation
20 Whippany Rd
Morristown, NJ 07960-4524

Schindler Elevator Corporation
c/o NCS, 729 Miner Rd
Highland Hts, OH 44143-2117

Joseph E. Schmall
2007 First Avenue SE
PO Box 2804
Cedar Rapids, IA 52406-2804

Sherri Dralle
1308 Grandview Ave.
Waverly, IA 50677-1038

Christine B. Skilton
205 Brasher Street
P.O. Box 39
Nashua, IA 50658-0039

Bradley David Sloter
Noah Smith & Schuknecht PLC
200 North Johnson St.
Charles City, IA 50616-1939

Charles L. Smith
25 Main Place, Ste 200
P.O. Box 248
Council Bluffs, IA 51502-0248

T-J Service, Inc.
221 N. Main St.
Charles City, IA 50616-2016

T-J Service, Inc.
Tom Brock, President
221 North Main Street
Charles City, Iowa 50616-2016

T-J Service, Inc.
c/o Christine B. Skilton
205 Brasher Street, PO Box 39
Nashua, IA 50658-0039

Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA 51503-0790

Charles Thomson
1110 North Grand, #300
Charles City, Ia 50616-2139

Charles McQuillen Thomson
Law Office of Charles M. Thomson
1110 North Grand Ave., Suite 300
Charles City, IA 50616-2139


U.S. Trustee
111 7th Ave SE, Box 17
Cedar Rapids IA 52401-2103

U.S. Trustee
210 Walnut Street Room 793
Des Moines, IA 50309-2106

United States Trustee
United States Federal Courthouse
111 7th Avenue SE, Box 17
Cedar Rapids, IA 52401-2103


Unruh Insulation
2633 450 St.,
Stacyville, Iowa 50476-7549

VanMeter
850 32nd Ave. SW
Cedar Rapids, Iowa 52404-3913

Vernon P Squires
P O Box 2804
2007 1st Ave S E
Cedar Rapids, IA 52402-6344


L Ashley Zubal
U.S. Trustee
Federal Building
210 Walnut Street, Rm 793
Des Moines, IA 50309-2106

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Design Build Structures
7518 Peosta Industrial Drive
Peosta, Iowa 52068

Mills, Inc.
Kelvin E. Keiffer, President
1906 Gilbert St.
Charles City, Iowa 50616

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u), IA

(u)Cornice & Rose International, LLC

(u)Elwood Law Office
116 N. Main St. PO Box 307
Charles City


(u)Mills - Inc.

End of Label Matrix
Mailable recipients      99
Bypassed recipients       4
Total                   103

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| In Re: | CHAPTER 7<br>Bankruptcy No. |
| McQuillen Place Company, LLC | 19–00507 |
| Debtor(s) | |

## NOTICE SETTING TELEPHONIC HEARING
## ON MOTIONS TO RECONSIDER ORDER (Docs. 155 & 156) and MOTION FOR STAY PENDING DETERMINATION OF PARTIAL WITHDRAWAL OF THE REFERENCE (Doc. 158)

TO:

| | |
|---|---|
| Charles McQuillen Thomson, Attorney for Debtor(s) | 847–456–1911 |
| Charles L. Smith, Trustee | 712–325–9000 |
| United States Trustee | |
| Eric Lam, Attorney for First Security Bank & Trust Company | 319–366–7641 |
| Eric Langston, Attorney for First Security Bank & Trust Company | 319–896–4074 |
| Bradley Kruse, Attorney for Cornice & Rose International, LLC | |
| Brandon Gray, Attorney for Iowa Economic Development Authority | 515–244–2600 |
| JD Haas, Attorney for Debtor | |
| | 515–725–8773 |
| | 952–345–1025 |

NOTICE IS HEREBY GIVEN the above matter(s) will come before the Court on:

*May 8, 2020 at 03:00 PM*

***ATTORNEY BRADLEY KRUSE IS TO INITIATE THE TELEPHONE CALL.*** Parties should be ready and available to accept said call. The telephone number for Chambers is 319–286–2230.

*NOTE:* THIS HEARING WILL BE DIGITALLY RECORDED.

MEGAN R. WEISS
Clerk, Bankruptcy Court
by:

*Danielle Cripe*

Date: April 24, 2020                    Deputy Clerk

United States Bankruptcy Court
Northern District of Iowa
111 Seventh Avenue SE Box 15
Cedar Rapids, IA 52401–2101
319–286–2200

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>    Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**NOTICE OF APPEARANCE AND<br>REQUEST FOR SERVICE OF PAPERS** |

Pursuant to F.R.B.P. 9010(b), please take notice that Eric J. Langston of Simmons Perrine Moyer Bergman PLC is appearing on behalf of Four Keys, LLC, which is an Assignee of certain rights and benefits from First Security Bank & Trust Company, and is therefore a party in interest.

Pursuant to F.R.B.P. 2002 and 9007, the undersigned, on behalf of Four Keys, LLC, hereby requests that all notices given or required to be given in this case and all papers served or required to be served, including Notices of Abandonment, in this case be given to and served upon the undersigned at the office address and telephone number set forth below.

Please take further notice that the foregoing request includes the notices and papers referred to in the rules specified above and also includes, without limitation, notices of any orders, applications, complaints, demands, hearings, motions, petitions, pleadings, or requests, any other documents brought before this Court in this case, whether formal or informal, whether written or oral, and whether transmitted or conveyed by mail, delivery, telephone, telegraph, telex, facsimile, or otherwise.

This Notice of Appearance and Request for Notices shall not be deemed to be and is not a waiver of the rights of Four Keys, LLC, and is not to be construed as a waiver of any right (i) to have final orders in non-core matters entered only after de novo review by the district court; (ii) to have trial by jury in any proceeding; (iii) to have the district court withdraw the reference; or (iv) any other right, claim, action, setoff, or recoupment to which Four Keys, LLC may be entitled, all of which right, claim, action, setoff, or recoupment are reserved.

/s/ *Eric J. Langston*

Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elangston@spmblaw.com
ATTORNEY FOR FOUR KEYS, LLC

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 27th day of April, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Wendi C. Scheer

Larry S. Eide
Dan Childers
Charles Thomson
Charles L. Smith
Monica L. Clark
Brandon Gray
J D Haas
Laura Hyer
Donald H. Molstad
Judith O'Donohoe
Christine B. Skilton
Bradley Sloter
L. Ashley Zubal

First Security – McQuillen/Pldgs/Drafts/Four Key Appearance by EJL.042720.0345p.wcs

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**NOTICE OF APPEARANCE AND<br>REQUEST FOR SERVICE OF PAPERS** |

Pursuant to F.R.B.P. 9010(b), please take notice that Eric W. Lam of Simmons Perrine Moyer Bergman PLC is appearing on behalf of Four Keys, LLC, which is an Assignee of certain rights and benefits from First Security Bank & Trust Company, and is therefore a party in interest.

Pursuant to F.R.B.P. 2002 and 9007, the undersigned, on behalf of Four Keys, LLC, hereby requests that all notices given or required to be given in this case and all papers served or required to be served, including Notices of Abandonment, in this case be given to and served upon the undersigned at the office address and telephone number set forth below.

Please take further notice that the foregoing request includes the notices and papers referred to in the rules specified above and also includes, without limitation, notices of any orders, applications, complaints, demands, hearings, motions, petitions, pleadings, or requests, any other documents brought before this Court in this case, whether formal or informal, whether written or oral, and whether transmitted or conveyed by mail, delivery, telephone, telegraph, telex, facsimile, or otherwise.

This Notice of Appearance and Request for Notices shall not be deemed to be and is not a waiver of the rights of Four Keys, LLC, and is not to be construed as a waiver of any right (i) to have final orders in non-core matters entered only after de novo review by the district court; (ii) to have trial by jury in any proceeding; (iii) to have the district court withdraw the reference; or (iv) any other right, claim, action, setoff, or recoupment to which Four Keys, LLC may be entitled, all of which right, claim, action, setoff, or recoupment are reserved.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
ATTORNEY FOR FOUR KEYS, LLC

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 27th day of April, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Wendi C. Scheer

Larry S. Eide
Dan Childers
Charles Thomson
Charles L. Smith
Monica L. Clark
Brandon Gray
J D Haas
Laura Hyer
Donald H. Molstad
Judith O'Donohoe
Christine B. Skilton
Bradley Sloter
L. Ashley Zubal

First Security – McQuillen/Pldgs/Drafts/Four Key Appearance by EWL.042720.0350p.wcs

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**STATUS REPORT** |

COMES NOW Four Keys, LLC. ("Four Keys"), by and through its counsel, and respectfully submits this Status Report.

1.     The Purchase Agreement described in the Trustee's Motion to Sell and for Other Relief (11 U.S.C. §§363(b) and (f)) (Dkt. 134) was assigned to Four Keys, LLC, which arranged for funds adequate to close to be sent for arrival the morning of April 24, 2020, to Chapter 7 Trustee Charles Smith, who duly received such funds.

2.     The sale authorized by this Court's Order Authorizing Approving Sale Pursuant to Section 363 of the Bankruptcy Code and Providing Related Relief (Dkt. 154) closed in the morning of  April 24, 2020, central time, by videoconference among the parties, as evidenced by, *inter alia*, the Court Officer's Deed recorded in Book 2020 at Page 0766 with the Floyd County Recorder, which is attached hereto as **Exhibit A**.

/s/ Eric J. Langston

Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elangston@spmblaw.com
ATTORNEY FOR FOUR KEYS, LLC

1

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 27th day of April 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Wendi C. Scheer

Larry S. Eide; Charles Thomson; Charles L. Smith; Monica L. Clark; Brandon Gray; J D Haas; Laura Hyer and Joe Schmall; Donald H. Molstad; Judith O'Donohoe; Christine B. Skilton; Bradley Sloter; L. Ashley Zubal; Brad Kruse; Rita Grimm (by email)

First Security – McQuillen/Pldgs/Drafts/Status Report.042720.1425.ewl.redlined

2

# EXHIBIT A

Instr. Number: 2020 0766
BK: 2020 PG: 0766
Recorded: 4/24/2020 at 8:57:27.0 AM
Pages 4
County Recording Fee: $27.00
Iowa E-Filing Fee: $3.00
Combined Fee: $30.00
Revenue Tax: $0.00
Deborah K. Roberts RECORDER
Floyd County, Iowa

## COURT OFFICER DEED
### Recorder's Cover Sheet

**Preparer Information:**
Larry S. Eide, 103 E. State Street, Suite 800, PO Box 1588, Mason City, Iowa 50402-1588,
Phone: (641) 423-4264

**Taxpayer Information:**
Four Keys, LLC, 809 Clark Street, Charles City, IA 50616

**Return Document To:**
Larry S. Eide, 103 E. State Street, Suite 800, PO Box 1588, Mason City, Iowa 50402-1588

**Grantors:**
Charles L. Smith, Chapter 7 Bankruptcy Trustee for McQuillen Place Company, LLC

**Grantees:**
Four Keys, LLC

**Legal Description:** See Page 2

**Document or instrument number of previously recorded documents:**

 **COURT OFFICER DEED**

IN RE: McQUILLEN PLACE COMPANY, LLC, DEBTOR.

Now pending in the United States Bankruptcy Court for the Northern District of Iowa, Case No. 19-00507.

Pursuant to the authority and power vested in the undersigned, and in consideration of One Dollar(s) and other valuable consideration, the undersigned, in the representative capacity designated below, hereby Convey(s) to Four Keys, LLC the following described real estate in Floyd County, Iowa:

LOT ONE (1), BLOCK TWENTY-ONE (21), OF THE ORIGINAL PLAT OF ST. CHARLES, NOW A PART OF CHARLES CITY, IOWA, OTHERWISE DESCRIBED AS: LOT ONE (1) OF THE IRREGULAR SURVEY OF BLOCK TWENTY-ONE (21), ORIGINAL PLAT OF ST. CHARLES, NOW A PART OF CHARLES CITY, IOWA

THE ABOVE PROPERTY IS ALSO KNOWN AS:

LOT ONE (1), BLOCK TWENTY-ONE (21), EXCEPT THE NORTHWESTERLY TWENTY-TWO FEET (NWLY 22') THEREOF, OF THE ORIGINAL PLAT OF ST. CHARLES, NOW A PART OF CHARLES CITY, IOWA, OTHERWISE DESCRIBED AS: LOT ONE (1) OF THE IRREGULAR SURVEY OF BLOCK TWENTY-ONE (21), ORIGINAL PLAT OF ST. CHARLES, NOW A PART OF CHARLES CITY, IOWA, EXCEPT THE NORTHWESTERLY TWENTY-TWO FEET (NWLY 22') THEREOF;
AND
THE NORTH ONE-HALF (N½) OF THE WEST FORTY FEET (W 40') OF THE BRICK WALL BETWEEN LOTS ONE (1) AND TWO (2), BLOCK TWENTY-ONE (21), ORGINAL PLAT OF ST. CHARLES, NOW INCORPORATED AS A PART OF CHARLES CITY, IOWA;
AND
CHARLES CITY DISASTER REDEVELOPMENT PROJECT IOWA F-36© PARCEL NO. R-24 (P-10), MORE PARTICULARLY DESCRIBED AS: THE NORTHWESTERLY 22.00 FEET OF LOT ONE (1), BLOCK TWENTY-ONE (21), ORGINAL PLAT OF ST. CHARLES, NOT INCORPORATED AS THE CITY OF CHARLES CITY, FLOYD COUNTY, IOWA

LOT TWO (2), BLOCK TWENTY-ONE (21), ORIGINAL PLAT OF ST. CHARLES, NOW INCORPORATED AS A PART OF CHARLES CITY, IOWA

LOT THREE (3) OF THE IRREGULAR SURVEY OF BLOCK TWENTY-ONE (21) OF THE ORIGINAL PLAT OF ST. CHARLES, NOW INCORPORATED AS CHARLES CITY, IOWA

LOT FOUR (4) OF THE SUBDIVISION OF LOTS THREE (3) AND FOUR (4) OF BLOCK TWENTY-ONE (21) OF THE ORIGINAL PLAT OF ST. CHARLES, NOW INCORPORATED AS CHARLES CITY, IOWA

LOT FIVE (5) OF THE IRREGULAR SURVEY OF BLOCK NO. TWENTY-ONE (21) OF THE ORIGINAL PLAT OF ST. CHARLES (NOW INCORPORATED AS CHARLES CITY) ACCORDING TO THE SUBDIVISION OF SAID BLOCK TWENTY-ONE (21)

ALSO KNOWN AS LOTS ONE, TWO, THREE, FOUR AND FIVE (1, 2, 3, 4 AND 5) OF THE IRREGULAR SURVEY OF BLOCK TWENTY-ONE (21), ORIGINAL PLAT OF ST. CHARLES, NOW INCORPORATED IN AND AS A PART OF CHARLES CITY, IOWA

ALSO KNOWN AS LOTS ONE, TWO, THREE, FOUR AND FIVE (1, 2, 3, 4 AND 5) OF BLOCK TWENTY-ONE (21), ORIGINAL PLAT OF ST. CHARLES, NOW INCORPORATED IN AND AS A PART OF CHARLES CITY, IOWA

ALSO KNOWN AS CONDOMINIUM UNIT A AND CONDOMINIUM UNIT B OF McQUILLEN PLACE CONDOMINIUMS, AS ESTABLISHED BY THE DECLARATION OF SUBMISSIONS OF PROPERTY TO HORIZONTAL PROPERTY REGIME PURSUANT TO CHAPTER 499B OF THE CODE OF IOWA FOR McQUILLEN PLACE CONDOMINIUMS, FILED ON OCTOBER 27, 2015, AS DOCUMENT NO. 2015-2425, AND LOCATED ON LOTS ONE, TWO, THREE, FOUR AND FIVE (1, 2, 3, 4 AND 5) OF THE IRREGULAR SURVEY OF BLOCK TWENTY-ONE (21), ORIGINAL PLAT OF ST. CHARLES, NOW INCORPORATED IN AND AS A PART OF CHARLES CITY, IOWA, SUBJECT TO EASEMENTS OF RECORD.

Parcel No. 11-01-467-006-00

This deed is exempt from real estate transfer tax pursuant to Iowa Code Sections 428A.2(19) and 428A.3.


Words and phrases herein, including acknowledgement hereof, shall be construed as in the singular or plural number, and as masculine, feminine or neutral gender, according to the context.

Dated: April 24, 2020.

©The Iowa State Bar Association 2020
IowaDocs®

Form No. P201, Court Officer Deed
Revised August 2019



Charles L. Smith, Chapter 7 Trustee

_____

As Bankruptcy Trustee in the above entitled estate or cause.

STATE OF IOWA, COUNTY OF POTTAWATTAMIE, ss:

    This record was acknowledged before me on April 24, 2020, by Charles L. Smith as Trustee of the Chapter 7 Bankruptcy Estate of McQuillen Place Company, LLC.



KRISTI FRANKS
Commission Number 724134
MY COMMISSION EXPIRES
AUGUST 26, 2021

Signature of Notary Public

©The Iowa State Bar Association 2020                                         Form No. P201, Court Officer Deed
IowaDocs®                                                       Revised August 2019

MIME-Version:1.0
From:cmecf@ianb.uscourts.gov
To:courtmail@localhost.localdomain
Bcc: Ashley.zubal@usdoj.gov, Brandon.gray@ag.iowa.gov, ELam@simmonsperrine.com, IA21@ecfcbis.com, awatson@dickinsonlaw.com, bkruse@dickinson
Do not notice for BK case:

Message-Id:<40579078@ianb.uscourts.gov>
Subject:19-00507 Report of Trustee (re: sale, settlement or lease)

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### United States Bankruptcy Court

### Northern District of Iowa

Notice of Electronic Filing

The following transaction was received from Charles L. Smith entered on 4/28/2020 at 9:17 AM CDT and filed on 4/28/2020

| | |
|---|---|
| **Case Name:** | McQuillen Place Company, LLC |
| **Case Number:** | 19-00507 |
| **Document Number:** | 165 |

**Docket Text:**
Report of Trustee (re: sale, settlement or lease) I, Charles L. Smith, Trustee in the case, report that the sale, settlement or lease set forth is complete; and the estate has received the proceeds from the party or parties identified therein for the property or actions listed. Filed by Charles L. Smith (related document(s)[134] Sell/Sale of Property). (Smith, Charles)

The following document(s) are associated with this transaction:

**19-00507 Notice will be electronically mailed to:**

Monica L Clark on behalf of Interested Party City of Charles City, Iowa
clark.monica@dorsey.com, yokiel.maryjo@dorsey.com;monica-clark-4834@ecf.pacerpro.com

Larry S. Eide on behalf of Creditor First Security Bank & Trust Company
eide@pappajohnlaw.com, eidelr79374@notify.bestcase.com

Larry S. Eide on behalf of Defendant First Security Bank
eide@pappajohnlaw.com, eidelr79374@notify.bestcase.com

Brandon James Gray on behalf of Creditor Iowa Economic Development Authority
Brandon.gray@ag.iowa.gov, idr.bankruptcy@ag.iowa.gov

J D Haas on behalf of Debtor McQuillen Place Company, LLC
jdhaas@jdhaas.com

J D Haas on behalf of Plaintiff McQuillen Place Company, LLC
jdhaas@jdhaas.com

Laura Michelle Hyer on behalf of Interested Party Cedar Rapids Bank & Trust Company
lhyer@bradleyriley.com, chahn@bradleyriley.com;Docket@bradleyriley.com

Bradley R. Kruse on behalf of Creditor Cornice & Rose International, LLC
bkruse@dickinsonlaw.com, awatson@dickinsonlaw.com

Eric W. Lam on behalf of Creditor First Security Bank & Trust Company
ELam@simmonsperrine.com, tdomeyer@SPMBLAW.com,kcarmichael@SPMBLAW.com

Eric W. Lam on behalf of Interested Party Four Keys, LLC
ELam@simmonsperrine.com, tdomeyer@SPMBLAW.com,kcarmichael@SPMBLAW.com

Eric J. Langston on behalf of Creditor First Security Bank & Trust Company
elangston@spmblaw.com, wscheer@spmblaw.com

Eric J. Langston on behalf of Interested Party Four Keys, LLC
elangston@spmblaw.com, wscheer@spmblaw.com

Donald H. Molstad on behalf of Debtor McQuillen Place Company, LLC
judylaw308@yahoo.com

Judith O'Donohoe on behalf of Creditor Elwood Law Office
charlescity@elwoodlawfirm.com, lisabartz@elwoodlawfirm.com

Joseph E. Schmall on behalf of Interested Party Cedar Rapids Bank & Trust Company
jschmall@bradleyriley.com, gbowers@bradleyriley.com;docket@bradleyriley.com

Christine B. Skilton on behalf of Creditor T-J Service, Inc.

cbs.csslaw@butler-bremer.com

Bradley David Sloter on behalf of Interested Party City of Charles City, Iowa
brads@nsslaw.net

Charles L. Smith
trustee@telpnerlaw.com, IA21@ecfcbis.com

Charles McQuillen Thomson on behalf of Debtor McQuillen Place Company, LLC
cthomson@doall.com

Charles McQuillen Thomson on behalf of Equity Security Holder Charles Thomson
cthomson@doall.com

United States Trustee
USTPRegion12.CR.ECF@usdoj.gov

L Ashley Zubal on behalf of U.S. Trustee United States Trustee
Ashley.zubal@usdoj.gov

**19-00507 Notice will not be electronically mailed to:**

Mills - Inc.
,

Allen O. Pederson
412 Sample Street
Nashua, IA 50658

Telpner Peterson Law Firm, LLP on behalf of Trustee Charles L. Smith
25 Main Place, Suite 200
Council Bluffs, IA 51503

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**RESISTANCE, OBJECTION, AND REPLY[1] TO MOTION FOR RECONSIDERATION (CORNICE & ROSE)** |

COMES NOW Four Keys, LLC[2] and hereby objects to and resists and replies to the Motion for Reconsideration filed by Cornice & Rose International, LLC ("C & R") (Dkt #155), as follows:

## I.     C & R's Arguments are Not Supported by Applicable Authority

The sole issue raised in C & R's Motion is an argument that the Trustee may not sell a substantially-completed building ("Property"). C & R cited to no binding or persuasive authority supporting this position. Neither of the two decisions cited by C & R is applicable. Specifically, C & R cited to *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726 (8th Cir. 2006) and asserts any "unauthorized construction of a building covered by an architectural works copyright (or any sale or rental of it) is thus illegal." C & R Motion at ¶4. But *Rottlund* did not hold the sale of a building constructed from infringing plans is prohibited. Rather, *Rottlund* merely held a defendant infringed when the defendant used copyrighted plans to construct other new buildings, without permission of the plan's copyright holder. In the case at bar, the Trustee merely sold the building, and Four Keys merely bought the building. The

---

[1] By filing this Resistance, Four Keys, LLC and First Security Bank & Trust Company ("Bank") are not waiving and are instead preserving and reserving any and all other right, title, argument, theory, etc.

[2] Four Keys, LLC is an assignee of the rights to a Purchase Agreement between First Security Bank & Trust Company, as purchaser, and Trustee Charles Smith, as seller. *See* Status Report (Dkt #164, filed April 27, 2020).

1

**_Trustee did not copy anything_** when he sold the building, and **_Four Keys did not copy anything_** when it bought the building. *Cf. Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc.*, 2017 WL 738335, at \*4 fn. 4 (D. Minn. 2/24/17) (*Rottlund* dealt with "copyright infringement, one element of which is copying …. **_Copying is the ultimate issue in a copyright case_**") (emphasis added).

The facts confirm Four Keys' reading of *Rottlund*. Specifically, "Rottlund was asked by a developer to build a housing structure on a 12-acre parcel that was zoned for apartments. *Rottlund.* 2004 WL 1879983, at \*2 (D. Minn. 8/20/04). Rottlund's personnel had a "long time interest in designing but no formal training … [and nonetheless] started with a square and eventually came up with an idea." *Id.* Eventually, working with architects, Rottlund designed a 12-unit townhome known as the Original Villa. *Id.* Further developments were made, including New Villa, *id.* at \*3, and eventually Villa II. *Id.* at \*4. Meanwhile, Defendant BSB obtained a <u>copy</u> of Rottlund's floor plans and did a "cut-and-paste job" by using a brochure of Rottlund units, and "Xeroxes were made and … was pasted or taped together…." *Id.* BSB then designed back-to-back townhomes, again using information contained in Rottlund brochures. BSB personnel "toured a variety of townhomes in Minnesota including Rottlund's Villa II." *Id.* at \*5. The efforts by Defendant BSB and others eventually also produced a "homestead collection" in Illinois. *Id.* at \*6. Rottlund submits "there is ample direct evidence of copying," *Id.* at \*18, and in fact BSB's architect "admitted that he relied on … files [that] … contained actual floor plans for Rottlund's Original Villa or New Villa townhomes." *Id.* The germane observation is in *Rottlund*, the **_defendant copied Rottlund's plans_**. It is on this point alone that the Eighth Circuit affirmed the District Court. The Eighth Circuit in *Rottlund* did not consider the issue

2

of whether sale of a building alone, *without copying*, constructed from infringing plans can be prohibited.

Rottlund* is especially inapposite in the context of the Trustee's Sale Motion, because no plans were used, sold, or purchased via the Trustee's Motion. And, most importantly, **_no plans were copied_**, *viz.* no one made a copy of the Property via the Trustee's Sale Motion. The Trustee's Sale Motion at bar is distinguishable from the *Rottlund* scenario. Again, *Rottlund* involved **_copying_** by the Defendant of the Plaintiff's plans, and the *Rottlund* Defendant produced several **_new_** townhomes using Plaintiff's plans. The Trustee's Sale Motion did not involve the production of any new homes and did not involve any copying. Rather, the Trustee merely sold the Property "as is where is," and Four Keys bought the building "as is, where is." *Rottlund* is therefore distinguishable and inapplicable.

C & R also cited *Palmetto Builders & Designers, Inc. v. UniReal, Inc.*, 342 F. Supp.2d 468 (D.S.C. 2004). In that case, Plaintiff Palmetto Builders "holds exclusive rights of certain copyrighted architectural plans," *id.* at 469, *viz.* Palmetto developed house plans referred to as "Wedgewood" and "New Castle." *Id.* at 470. Together with home buyers, UniReal "took Palmetto Builders' Wedgewood plan … [and] used [the plan] without permission … for the design and construction of the [buyers'] new home." *Id.* Similarly, another set of buyers met with Palmetto Builders, and asked to construct a house similar to the New Castle plan. Defendant then "once again used [Palmetto's] copyrighted house plans for the design and construction of a new home" for the buyers. *Id.* The Defendant built at least two new homes using the Palmetto Builders' plans.

3

While the District Court in *Palmetto* did issue an injunction barring future sale of the building constructed from infringing plans, the Fourth Circuit in *Christopher Phelps & Assoc., Ltd., v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007)[3] distinguished *Palmetto* and instead held:

> *A sale of the house would not be a second copy* or manifestation of the design, but *merely a transfer of the structure* in which the design was first copied.

In *Christopher Phelps*, a home-owner built his retirement home using plans designed by the Plaintiff Architect Christopher Phelps. *Id*. at 535. The Trial Court denied Plaintiff's request to enjoin future sale of the home. *Id*. The Fourth Circuit affirmed the denial of Plaintiff's injunction request and roundly rejected the idea that sale of substantially complete buildings should be enjoined for copyright reasons. The Fourth Circuit stated sale of the building would not be a copy of plans, but mere a transfer of the structure. *Id*. at 544. In other words, the Fourth Circuit held that sale of a building constructed from infringing plans is not a copy *i.e.*, sale is not an infringement of copyright. *Id*.

*Palmetto* is inapposite to the case at bar, as no new building has been constructed, *viz.* the Trustee's Sale Motion did not result in the construction of any new building, *ala* the *Palmetto* defendant's actual construction of new homes for two sets of buyers. The Trustee's Sale Motion did not involve the production of any new homes and did not involve any copying. Rather, the Trustee merely sold the Property "as is where is." *Palmetto* is therefore distinguishable, and in any event *Christopher Phelps* being a Circuit Decision is more instructive and binding than the District Court Ruling's in *Palmetto*. In sum, C & R cited to no applicable and binding decisional law or statute that prohibits a bankruptcy trustee from selling a substantially-completed building against which an architect asserts a copyright.

---

[3] C & R's Counsel from Texas, *see* fn. 7 *infra*, was counsel to the Appellant in *Christopher Phelps*. C & R should therefore be familiar with *Christopher Phelps*. But C & R curiously did not cite to *Christopher Phelps*.

4

The bottom line is to the extent, if at all, C & R has any valid copyright (an issue not decided and not tried to or by this Court), the Trustee did not use C & R's copyrighted materials to construct any new townhomes *ala Rottlund*, and the Trustee did not use C & R's copyrighted plans to construct two new homes *ala Palmetto*. The Trustee merely sold the Property "as is where is," period. C & R cited to no decision that prohibits an owner (or a bankruptcy trustee in a bankruptcy case filed by the owner) from selling the owner's (and therefore the Estate's) property. In fact, the decisional law is otherwise, *viz. Christopher Phelps* held sale of building is not a copy. And since no copy was made, there was no infringement. *See Feist Pub., Inc., v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991) (to prove infringement, plaintiff must demonstrate plaintiff held valid copyright **and defendant copied** the copyrighted material).

Even if (but obviously not conceding) sale of the building was somehow an infringement of C & R copyrights, C & R should not be able to restrain alienation of real property through copyright. The Fourth Circuit in *Christopher Phelps* affirmed the denial of Plaintiff's injunction request to prohibit the sale of the building. The Fourth Circuit noted public policy severely disfavored such prohibitions on the sale of real estate, particularly where the copyright holder has already been made whole[4]. The Fourth Circuit stated enjoining such a future sale "would be overly broad and would unduly restrain the

---

[4] And even if a plaintiff's judgment was not paid, injunction against sale still nonetheless should not be issued. *William Hablinski Arch.*, 2007 WL 9734429, at * 7. C & R in the case at bar did file Proofs of Claim ## 7, 26, and 27. The documents attached to PoC ## 7 (for approximately $2.5 million), 26, and 27 show apparently unpaid supplies, materials, and equipment. Surely C & R's claims (if valid) for supplies, materials, and equipment are not claims for unpaid license fees or infringement. As an aside, the Debtor in Schedule F (sworn to by C. Thomson) showed a $2 mil "**disputed**" debt due C & R. In sum, Claims ## 7, 26, and 27 at best are unclear to show *if* C & R stills hold a claim for unpaid license fees or for infringement, or the amount of any unpaid license fee or the amount of any infringement damage. While C & R's Proof of Claim #20 did refer to copyright (and it asserted the same $2.5 million asserted in Proof of Claim #7), C & R only appended a letter from its copyright counsel, addressed to C & R, and nothing more. To date, therefore, the record is devoid of any license or any termination, and the record is at best unclear what infringement claim C & R is asserting, and for how much.

5

alienation of real property." 492 F.3d at 534. The Fourth Circuit also noted that, because a prohibition on selling the building would encumber a great deal of property unrelated to the alleged infringement, "[s]uch an injunction would take on a fundamentally punitive character, which has not been countenance in the Copyright Act's remedies." *Id*. at 545. Thus, *Christopher Phelps* teaches injunctions prohibiting the sale of buildings are inappropriate.

Furthermore, again assuming (again not conceding) C & R actually held or holds valid copyrights[5], and to the extent, if at all, C & R was concerned with any future violation of its copyright, such as if, for example, John Doe in the future somehow builds another, separate, new building that somehow is similar (in the copyright sense) to the Property and thusly somehow violates C & R's copyright, the Sale Order at ¶19 specifically provides:

> Nothing contained herein shall preclude future claims of copyright infringement resulting from the improper or unauthorized use of the C & R Intellectual Property by the purchaser, its assignee, or any third parties[6].

In fact, if the purchaser, or its assignee, or its architect or agents wish to use "C & R Intellectual Property," it and they must "first mak[e] arrangements satisfactory to C & R for use of the C & R Intellectual Property." *See* ¶19 of Sale Order. And while the Purchaser *et al* may use, occupy, and complete the building, it, and they, may do so only if they "do not use

---

[5] If C & R asserts it holds copyright in the entire building, that assertion is by no means crystal clear. In a building, depending on the circumstance and the situation, "whether size and dimension" is copyrightable is "unclear," and the general layout, positioning of the rooms and spaces relative to one another might likewise be un-protectable, and if the overall form, look, and feel "is a function of the general layout," they too might not be protected by copyright. *Lennar Homes of Texas Sales & Marketing, Inc. v. Perry Homes, LLC,* 117 F.Supp.3d 913, 943-44 (S.D. Tex. 2015). Similarly, infringement could not be inferred merely from the fact that defendant designed a home that included the same number of bathrooms, or had a kitchen, a staircase and a garage *i.e.* those "standard features" are not subject to copyright. *David & Goliath Builders, Inc. v. Elliott Constr., Inc*., 2006 WL 1515618, at *5 (W.D. Wis. 5/25/06). Simply put, to ascertain the extent of any copyright in a building, the building effectively may have to be "dissected" to ascertain which parts or portions of the building were copyrightable or copyrighted.

[6] As mentioned by Bank's counsel during the April 8, 2020 hearing on the Sale Motion, the form of the Proposed Order filed by the Trustee (Dkt # 136) followed Judge Gerber's template. The Order from Judge Gerber is published at *In re Locust Street Manager, LLC*., 2010 WL 4916390 (Bankr. S.D.N.Y. 2/23/2020).

6

the Plans or Drawings or any work in which … C & R holds a valid copyright." Last but not least, to the extent, if at all, C & R currently holds and in the past held any claim for infringement, all those claims "attach to the proceeds ultimately attributable to the Property … in the same order of priority … which such Interests now have against the Property or their proceeds." Order at ¶4. In fact, that is all C & R sought, *viz.* in its Supplemental Objection (Dkt #441, 4/8/20) p. 4, C & R sought entry of an Order that "preserve[s] C & R's copyright in and to the Property without waiving any of C & R's rights … to bring a copyright infringement action…." In sum, the Sale Order did not commit any error of law, and indeed adequately protects C & R's copyright infringement claims.[7]

To the extent C & R asserts the Property can never be sold, the same public policy consideration in *Christopher Phelps* counsels against accepting C & R's arguments. And with respect to any building plans, the Trustee's Sale Motion did NOT sell any plans, the Purchaser did not buy any plans, and in fact the record is silent as to use or copying of any plans. Indeed, C & R has not alleged the Trustee or the Purchaser possessed, sold, improperly used, or had copied C & R's plans. And if someone in the future somehow infringes on C & R's copyrights, "[n]othing contained herein shall preclude future claims of copyright infringement" and the "Purchaser … may not use the C & R Intellectual Property without first making arrangements satisfactory to C & R …." Order at ¶19. Of course, in the

---

[7] After C & R filed its Motions to Reconsider, for Stay, and to Withdraw Reference, C & R's counsel from Texas issued a "**warning**" letter to the Trustee and the Bank's counsel. A copy of the letter is attached hereto. The letter warned that C & R will sue the Trustee and the Bank's counsel *personally*. But the letter also conceded that if "the trustee wishes to sell the property to a purchaser who intends to 'scrape' the unfinished Building and construct an entirely new structure, that is one thing." *See* Letter at p. 3; *accord* 17 U.S.C. §120(b) (owner of building embodying an architectural work may, WITHOUT the consent of the author, destroy the building or make alterations to the building). That assertion proves the point that the Trustee's sale in and of itself violates no law. It is only if some event that happens in the future that might perhaps arguably violate C & R's copyrights, to the extent, if at all, C & R has any valid copyright. The point of ¶19 of the Sale Order is to preserve C & R's copyright claims in the future, if and when there is any infringement of any valid copyright.

7

case at bar, there has been no finding (and certainly the Bank and its assignee do not concede) of any copyright or any infringement in the first place. But even if (but not conceding) there were otherwise somehow any infringement in this case, a "sale of the house would not be a second copy … but merely a transfer of the structure." *Christopher Phelps*, 492 F.3d at 544.

C & R has presented no binding or persuasive authority that would prevent the sale of a building, even if (but not conceding) the building was constructed from unauthorized use of plans. And the Fourth Circuit has made it clear that such injunctions are against public policy. C & R's arguments should be rejected.

## II.     Mootness and Un-timeliness

The April 9, 2020 Sale Order imposed an F.R.B.P. 6004(h) 14-day stay. The stay therefore expired at 11:59 pm on April 23, 2020. C & R filed its Motion for Reconsideration at 5:42 pm. April 23, *i.e.* approximately six hours before the expiration of the Rule 6004(h) stay. Nothing appears in the record as to why C & R did not file or could not have filed its Motion earlier. As stated in the Status Report filed April 27, 2020 (Dkt #164), the sale closed on April 24, 2020, after the F.R.B.P. 6004(h) 14-day stay expired, and in light of no Order entry extending the Rule 6004(h) stay or otherwise granting a stay. The relief requested in the Motion is moot.

The Motion to Reconsider should be denied.

8

_____/s/ Eric W. Lam_____
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
Christopher J. Voci, AT0009151
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
cvoci@spmblaw.com
ATTORNEYS FOR FOUR KEYS, LLC

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 6th day of May, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.


_____/s/ Kelly Carmichael_____

Larry S. Eide
Charles Thomson
Charles L. Smith
Monica L. Clark
Brandon Gray
J D Haas
Laura Hyer
Donald H. Molstad
Judith O'Donohoe
Christine B. Skilton
Bradley Sloter
L. Ashley Zubal
Brad Kruse
Rita Grimm (by email)

First Security/Pldgs/Drafts/Four Keys Resistance to CR Mtn for Reconsideration of Order #155.050620.0847.ewl

9



Osha Liang LLP
Two Houston Center
Suite 3500
909 Fannin St.
Houston, TX 77010

P 713.228.8600
F 713.228.8778
www.oshaliang.com
firm@oshaliang.com

April 24, 2020

**Via e-mail**

Charles L. Smith, Trustee
Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA 51502-0248
csmith@telpnerlaw.com

Eric Lam, Esq.
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
elam@simmonsperrine.com

Larry S. Eide, Esq.
Pappajohn, Shriver, Eide & Nielsen PC
103 E State St # 800
Mason City, IA 50401
eide@pappajohnlaw.com

> Re: *In re: McQuillen Place Company, LLC*
> Cornice & Rose International, Inc.
> Notice of Copyright and Copyright Infringement Warning

Gentlemen:

The undersigned has been engaged by Cornice & Rose International, Inc. ("C&R") to deal with your and your clients' intentional and willful disregard of C&R's architectural works copyrights.

C&R is the owner of the architectural works copyrights associated with the building it designed for McQuillen Place (the "Building"). It has not assigned its copyrights to anyone, and its license to the debtor terminated long ago. Under the Architectural Works Copyright Protection Act of 1990 (the "AWCPA"), C&R's architectural works copyright extends to any embodiment of the building design, including the Building itself. It has thus been the law for almost thirty years that a building constructed without the permission of the copyright owner is an infringing copy of the protected work, and the construction, sale, and rental of such a building are all acts of copyright infringement. Further, those who with knowledge of a copyright, nevertheless induce, abet, or otherwise assist others to infringe that copyright are also liable as



contributory infringers.

After the Trustee filed a Section 363 motion to sell the property that includes the Building, C&R and its counsel advised you of its copyrights, and warned you that the further construction or sale of the building would be acts of copyright infringement. In response, you purported to deal with this issue by inserting language in the sale order that purported to authorize the continued construction of the building (and enjoin the assertion of claims for postpetition acts of copyright infringement) so long as the purchasers of the building did not use C&R's plans.

As raised in C&R's Motion for Reconsideration and its Motion to Withdraw Reference (and, if necessary, will be raised in every possible appellate vehicle), the approach you led the Bankruptcy Court to adopt is contrary to law. First, the bankruptcy court simply does not have the power to authorize or immunize future violations of federal law, especially violations committed by third parties. As courts have observed, bankruptcy law does not authorize violations of the law, such as "selling patented products or, say, going into the cocaine distribution business." *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.,* 140 B.R. 969, 977 (N.D. Ill. 1992). Just as the Bankruptcy Court does not have the power to immunize a purchaser of contaminated real estate from CERCLA liability via a Section 363 order (notwithstanding that doing so might have tremendous value to the estate), it similarly cannot authorize the purchaser of an infringing building to violate Title 17, nor can it insulate those who induce, abet, or otherwise cause such infringement from liability.

Second, the approach you postulated to the Bankruptcy Court is completely at odds with the AWCPA and nearly thirty years of caselaw. Prior to the AWCPA, it was indeed possible to lawfully construct a building designed by someone else without their permission, so long as it was done without "copying" their technical drawings. However, that changed with the adoption of the AWCPA. *See generally Scholz Design, Inc. v. Sard Custom Homes, LLC,* 691 F.3d 182, 188-90 (2d Cir. 2012) (discussing the history and effect of the AWCPA). Your approach simply ignores this seminal change in the law.

Third, to the extent that you believe that the Bankruptcy Court can force C&R to license its works to the trustee, you are mistaken. Nothing in the Bankruptcy Code provides for that. The Copyright Act provides for involuntary "forced" licenses in only very narrow situations (such as "mechanical" licenses of music compositions), but none of those provisions could possibly apply here. Indeed, the Supreme Court declined to expand forced licenses for exactly this reason: if Congress has not provided such a remedy, the courts cannot create it. *See generally* PATRY, W., PATRY ON COPYRIGHTS § 10.86 (West 2020) detailing the history of *Sony Corp. of America v. Universal City Studios, Inc.***,** 104 S.Ct. 774 (1984) based on the Justices draft opinions and correspondence).

Finally, your *ad hoc* additions to the Sale Order that added relief not sought in the Sale Motion put this matter squarely within the realm of disputes subject to a 28 U.S.C. § 157(d)



mandatory withdrawal of the reference.  Because this matter requires mandatory withdrawal of the reference, the Bankruptcy Court lacks jurisdiction over it.

As noted in prior communications to you, if the trustee wishes to sell the property to a purchaser who intends to "scrape" the unfinished Building and construct an entirely new structure, that is one thing (in which case your additions to the order were not needed). However, to the extent that the Trustee wishes to maximize the value of the unfinished Building by selling it to a purchaser who can lawfully complete it, he can do so only with C&R's permission.

If you have any questions, please feel free to contact me.  Otherwise, we trust you will abide by federal law, and know that we will seek relief against all involved if you do not.

Very truly yours,

*/s/ Louis K. Bonham*
Louis K. Bonham

cc:     Bradley Kruse, Esq.                **via e-mail**
        Mr. James Gray                     **via e-mail**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**RESISTANCE, OBJECTION, AND RESPONSE[1] TO MOTION FOR WITHDRAWAL OF REFERENCE (CORNICE & ROSE)** |

COMES NOW Four Keys, LLC[2] and hereby objects to and resists and responds to Cornice & Rose International, LLC's ("C & R") Motion for Partial Withdrawal of the Reference (Dkt #157), as follows:

## I.     JURISDICTION

The Advisory Committee's Note accompanying F.R.B.P. 5011(a) "makes it clear that the bankruptcy judge will not conduct hearings on a withdrawal motion. The withdrawal decision is committed exclusively to the district court." Via Dkt # 159, the objection bar date for C & R's Motion to Withdraw Reference is May 15, 2020. However, C & R has also filed a Motion for Stay (Dkt #158), and the Motion for Stay relies on and refers to exclusively C & R's Motion to Withdraw Reference. Additionally, this Court has set the Motion for Stay for hearing to occur May 8, 2020. In light of this time-line and out of an abundance of caution and to enable this Court to consider the arguments raised in C & R's Motion for Stay and Four Keys' Objection to the Motion for Stay, Four Keys respectfully files this Resistance, without waiving any Four Keys' right or argument

---

[1] By filing this Resistance, Four Keys, LLC and First Security Bank & Trust Company ("Bank") are not waiving and are instead preserving and reserving any and all other right, title, argument, theory, etc.
[2] Four Keys, LLC is an assignee of the rights to a Purchase Agreement between First Security Bank & Trust Company, as purchaser, and Trustee Charles Smith, as seller. *See* Status Report (Dkt #164, filed April 27, 2020).

1

pursuant to Rule 5011 or otherwise (such as Four Keys' argument that the Motion to Withdraw is meritless[3]). To the extent this Court desires to issue a Report and Recommendation, however, *see e.g. In re Scott*, 2018 WL 5905068 (Bankr. W.D. Mo. 10/24/18) (Norton, J.) (Bankruptcy Court issued Report & Recommendation to District Court, urging denial of Reference Withdrawal Motion), Four Keys does not object to this Court doing so.

## II.    UNTIMELINESS

28 U.S.C. §157(d) provides the "district court may withdraw, in whole or in part, any case or proceeding referred under this section…on ***timely motion*** of any party, for cause shown." C & R's Motion to Withdraw Reference was not filed "timely," within the meaning of §157(d). In determining whether a reference withdrawal motion was filed "timely," Judge Reade in *In re H & W Motor Express Co.*, 343 B.R. 208, 213 (N.D. Iowa 2006) held:

> The test for timeliness is ultimately one of reasonableness under the circumstances. … The party seeking withdrawal must file its motion ***as soon as practicable***. … In other words, "[o]nce a case becomes subject to withdrawal, 'a party has a plain duty to act diligently – or…forever hold his peace'"…requiring the party seeking withdrawal to file its motion as soon as possible "protect[s] the court and the parties in interest from useless costs and the disarrangement of the calendar, and … prevent[s] unnecessary delay and the use of stalling tactics." … Delay for tactical reasons, prejudicial to the adversary or to the administration of justice, can be grounds for denying [a motion to withdraw the reference]."

---

[3] For example, Four Keys does not concede the underlying Sale Motion necessarily fits the mandatory reference withdrawal criteria. Bankruptcy Courts do adjudicate copyright issues. *E.g. In re Virgin Offshore USA, Inc*., 2012 WL 6059359, at * 6 (Bankr. E.D. La. 12/6/12) (Debtor sought to assume, pursuant to §365, and Bankruptcy Court held the objector "failed to prove … it has a valid copyright"); *In re Chicago Newspaper Liquidation Corp*., 490 B.R. 487, 495-96 (Bankr. D. Del. 2013) (plaintiff sued for copyright infringement; Bankruptcy Court found plaintiff inventor did not have copyright). In the Sale Motion at bar, no one sought adjudication whether C & R held any copyright, and no one sought adjudication if any copyright was infringed. At most, this Court in the Sale Order dealt with whether copyright infringement claims (if any) should attach to sale proceeds, pursuant to 11 U.S.C. §363, and whether the Sale Order bars any subsequent infringement claims. Indeed, the Order stated it did not bar any post-Order infringement claims, if any. *Cf. In re Hawkeye Chemical Co.*, 73 B.R. 318, 321-22 (Bankr. S.D.Iowa) (nothing in the record to indicate Bankruptcy Court's "application of familiar executory contract standards will involve substantial and material questions of the National Gas Act").

(citations omitted and emphasis added). Caselaw and commentary are in accord. *E.g., In re Karsten Mahlmann*, 149 B.R. 866, 869 (N.D. IL. 1993) (when considering §157 timeliness, "key issue" is when the moving party was first aware non-bankruptcy federal laws must be dealt with); L. Ahern, Bankr. Proc. Manual §5011:3 (2020 ed.) (motion should be filed before the bankruptcy court has begun taking testimony in the matter relating to the withdrawal motion). In the case at bar, the following chronology (with several terms highlighted by *italics*) illustrates the un-timeliness of C & R's Motion:

> **March 5, 2020** C & R filed Proof of Claim #20, and its then counsel Zarley Law asserted, *inter alia*, "this letter is intended to ensure that the trustee overseeing the assets of McQuillen Place understands that all rights in the architectural works used in that project are owned and exclusively under the control of Cornice & Rose. This letter also notices that *any attempt to transfer* the rights in any embodiment of Cornice & Rose's copyrighted works would be ineffectual and could result in transferee being liable for *copyright infringement*."

> **April 7, 2020** C & R Objection to Sale Motion (Dkt #149), in which C & R asserted it "has…intellectual property rights with respect to the Property [and]…Cornice & Rose holds *copyrights* in the structural improvements contained in the Property." Objection at ¶2.

> **April 7, 2020** Bank Pre-Hearing Brief (Dkt #151 at §V, p. 10) suggested "to the extent, if at all, there is any concern from C & R as to its *copyright* claims, the Trustee and the Bank proposed the eventual Order…contain…additional language…."

> **April 7, 2020** Letter from C & R to Trustee Smith (copy attached). The letter was sent to Trustee Smith at *9:28 P.M.* April 7, 2020, and the e-mail stated "Dear Trustee Smith, … please find attached a letter with regard to the *copyright issues* at McQuillen Place." The three-page letter asserted rights by C & R against McQuillen Place Company, LLC, "you (in your capacity as Trustee for McQuillen Place Company, LLC…you personally, any person taking any right through you as a purchaser of any asset of McQuillen Place, LLC including…the real property."

3

***April 8, 2020*** C & R's Supplement to Objection (Dkt #153)[4], cited to various provisions of Title 17 of the United States Code, and *affirmatively asked* "the Court's *order* approving the sale *preserve* C & R's *copyright* in and to the Property without waiving any of C & R's rights with respect to its copyright, including but not limited to, C & R's right to bring a *copyright infringement action against the purchaser* for the purchaser's use and occupancy of the Property." *See* Supplemental Objection at p. 4.

***April 8, 2020 4:24 P.M.*** E-mail from C & R's counsel asserted "the redlined Proposed Order does not protect C & R's rights to enforce its *copyright* with respect to the Property…." (Copy attached).

***April 9, 2020 11:34 A.M.*** E-mail from C & R's counsel, again asserted "my client has stated on the record and in pleadings, that any use or occupancy of the Property by the purchaser without the consent of C & R is necessarily a violation of C & R's *copyright*." (Copy attached).

Eventually this Court enrolled its Sale Order on April 9, and pursuant to consent from the Bank the F.R.B.P. 6004(h) 14-day stay preserved the status quo and prevented the April 9 Order from becoming effective until April 23, 2020 (*i.e.* 14 days after April 9). C & R **did nothing** from the entry of this Court's April 9 Order, and waited until 7:22 P.M. April 23 (*i.e.* less than five hours before the expiration of the 14-day stay period) to file its Motion for Partial Withdrawal. As demonstrated *supra*, there were at least **_seven_** occasions and incidences, dating back to March 5, 2020, in which C & R's copyright issue was raised. Indeed, the Purchaser/Bank in its April 7 Pre-Hearing Brief mentioned the potential application of copyright laws and suggested language eventually incorporated at ¶19 of the Sale Order. At no time during these **_seven_** occasions and opportunities did C & R request any §157(d) reference withdrawal. Similarly, at no time during this Court's April 8 hearing did C & R raise any §157(d) concerns. By any stretch of imagination, C & R did not file its reference withdrawal motion "as soon as practicable," *H & W Motor Express*, 343 B.R. at

---

[4] The Supplement was filed at 4:41 P.M. on April 8, 2020, *i.e.* hours **after** this Court held a telephonic hearing at 11:00 A.M. in the morning of April 8.

213, and C & R did not fulfill its "plain duty to act diligently" once a case becomes subject to withdrawal. *Id.* Filing a reference withdrawal motion AFTER (i) ***seven*** instances when copyright issue were mentioned and (ii) asserting no §157(d) concerns in two objections and indeed affirmatively asking[5] this Court to "preserve" its alleged copyright and (iii) participating in a hearing and failing to assert any §157(d) issue and (iv) waiting until only five hours before the expiration of the 14-day stay period *after* Order entry evidences "delay for tactical reasons." The Motion to Withdraw was untimely filed.

While decided several years before Judge Reade's 2006 *H & W*'s ruling, Judge Jackwig reached the same result (*i.e.* a finding of untimeliness) in *In re Hawkeye Chemical Co.*, 73 B.R. 318 (Bankr. S.D. Iowa 1987)[6]. In that case, the Debtor sought reference withdrawal in the context of a §365 Motion to Reject. *Id.* at 320. The chronology was as follow:

> December 1986, Debtor filed §365 Motion to Reject. *Id.* at 321
>
> Parties then agreed to file briefs etc. by March 31, 1987. *Id.*
>
> March 18, 1987, Debtor filed Motion to Withdraw Reference. *Id.* at 319

Judge Jackwig "seriously questions the propriety of [the] Motion" to Withdraw, *id.* at 321, *i.e.* in Judge Jackwig's view, the Reference Withdrawal Motion was untimely. If a Reference Withdrawal Motion filed pre-briefing and pre-hearing and pre-Order entry raised "serious question[]" of untimeliness, surely a post-pleading and post-hearing and post-Order Reference Withdrawal Motion is untimely.

---

[5] In other words, C & R waived its §157(d) argument when it affirmatively asked this Court to rule in C & R's favor. It is only when C & R obtained a result that it didn't like that C & R then advanced a §157(d) argument. Such posture is precisely why Judge Reade concluded §157(d) cannot be used as a stalling and delay tactic. *H & W*, 343 B.R. at 213.

[6] Judge Jackwig in *Hawkeye* also concluded the Bankruptcy Court "does not have jurisdiction to render a proposed decision concerning mandatory withdrawal." 73 B.R. at 320. That holding is consistent with F.R.B.P. 5011. Judge Jackwig nonetheless issued additional ruling and findings for "the sake of completeness." Four Keys anticipates C & R will urge the balance of Judge Jackwig's decision was dicta. At a minimum, though, *Hawkeye* illustrates how the timeliness issue should be analyzed.

### III. MOOTNESS AND DELAY

As stated in the Status Report filed on April 27, 2020 (Dkt #164), the sale closed on April 24, 2020, after the expiration of the 14-day F.R.B.P. 6004(h) stay on April 23, 2020. As such, C & R's Motion to Withdraw Reference is moot. The sale closure was supported by the Eighth Circuit's ruling in *In re Food Barn Stores, Inc.*, 107 F.3d 558, 565 (8th Cir. 1997). In that case, the Eighth Circuit held in a §363 sale scenario "when the court actually enters an order approving the sale, expectations become sufficiently crystallized so as to render it improper to frustrate anticipated results except in the limited circumstances where there is a grossly inadequate price or fraud in the conduct of the proceedings." C & R's Motion to Withdraw Reference did not allege any price inadequacy or fraud – it only pointed to consideration of Title 17 copyright issues. Therefore, since no price inadequacy or fraud was alleged in the Motion to Withdraw, as directed by the Eighth Circuit in *Food Barn* when this Court entered its April 9 Order approving the sale, "expectations become sufficiently crystallized so as to render it improper to frustrate anticipated results." C & R's Motion to Withdraw Reference, if granted, will improperly frustrate anticipated results, contrary to expectations that have become sufficiently crystallized and contrary to Eighth Circuit's teaching in *Food Barn*.

Further, as demonstrated *supra*, C & R waited till almost four hours before the expiration of the Rule 6004(h) 14-day stay to file its Withdrawal Motion. Nothing is apparent as to why C & R did not file the Withdrawal Motion earlier.

The Motion is untimely, is moot, and should be denied.

6

## IV.    CONSENT

As an alternate argument, and without waiving any other argument, even if there is otherwise merit to withdrawing reference, notably C & R has filed <u>four</u> Proofs of Claim, *i.e.* #20 (3/5/20); #7 (7/5/19); and ## 26 and 27 (4/7/20). Justice Sotomayor in *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1939 (2015) held "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge." By filing <u>*four*</u> Proofs of Claim, C & R submitted itself to the jurisdiction of the Bankruptcy Court. So long as the Proofs of Claim are on file, C & R should not be heard to complain that an Article I Court is adjudicating its alleged copyright claims.

WHEREFORE, Four Keys, LLC respectfully prays this Court either not consider C & R's Motion to Withdraw Reference or alternately enter and enroll a Report and Recommendation overruling and denying C & R's Motion to Withdraw Reference, and for such other relief as may be just and proper under the premises.

_____/s/ Eric W. Lam_____
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FOUR KEYS, LLC

7

## Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 6th day of May, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Kelly Carmichael

Larry S. Eide
Brad Kruse
Charles Thomson
Charles L. Smith
Monica L. Clark
Brandon Gray
J D Haas
Laura Hyer
Donald H. Molstad
Judith O'Donohoe
Christine B. Skilton
Bradley Sloter
L. Ashley Zubal
Rita Grimm (by email)

First Security – McQuillen/Pldgs/Drafts/Four Keys Resistance to C&R Mtn to Withdraw Reference.050620.0934.ewl



INTERNATIONAL

7 April 2020

Trustee Charles L. Smith
Chapter 7 Trustee
Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA 51503

Dear Trustee Charles Smith:

I am writing because it appears, from your correspondence, that you have been poorly advised as to the extent of the copyright protection asserted by Cornice & Rose International, LLC (C&R) in this matter.

The copyright of the McQuillen Place Company, LLC building located at 123 Main Street, Charles City, Iowa (MPC) extends to all the distinctive, custom-designed components of the architectural work of the building project. This includes, but is not limited to:

the electrical and plumbing systems

the physical appearance of the building (including, but not limited to, the distinctive clock tower, the cornices, the exterior decorative elements, the location of various types of surfaces -- e.g. brick vs. natural stone vs. synthetic stucco sprayed coating, etc., the size of apartments, the location of doorways, the height of apartment units, the height of hallways, the width of hallways, the location of bathrooms, etc.)

the placement and design of stairways (including, but not limited to, the custom design of the steps, their width, the materials chosen for their construction, etc.)

the placement of all HVAC components

the structural elements (including, but not limited to, the innovative use of trusses and steel framing, the composition of the stair towers, etc.)

the custom configuration of the apartment units within the building

the custom-designed configuration of the specialized handicap-accessible units within the building (including the custom-designed location of bathrooms, hot water service, kitchen facilities, etc.)

There are many other examples, but I believe these will suffice to make the point.

Under the copyright owned by C&R, neither you nor any person attempting to purchase real estate interests from you have any right to use these architectural elements. This would include any person signing a lease on real estate from you or someone succeeding to your interests in the real estate at 123 Main Street, Charles City, Iowa. To be perfectly clear, no person may make use of any of the foregoing custom design features at McQuillen Place Company, LLC building without violating the copyright held by C&R . Any person attempting to use these features without a license from C&R will be liable to C&R for copyright infringement.

804 WEST ROBERTS ROAD, BARRINGTON, ILLINOIS 60010
TEL +1 847 487 9487   FAX +1 847 487 0711
WWW.CORNICEANDROSE.COM

You should be aware that the statutory damages for each violation of a copyright are between $750 and $30,000. The statutory award for a willful infringement can be up to $150,000. I believe C&R could, after this date, claim willful infringement (should infringement occur), since you are on actual notice of the copyright and, through you, all persons acquiring an interested in the real estate at McQuillen Place Company, LLC building located at 123 Main Street, Charles City, Iowa would be on constructive notice of the copyright. On top of these statutory damages, C&R would also be prepared to seek reimbursement for attorney fees and as well as compensatory damages.

C&R expressly rejects any attempt to sell any "license" or "possessory claim" in its copyright through the mechanism of a bankruptcy sale under 11 USC 363. First, you have no authority to sell that which you do not own. Second, you do not possess any rights in C&R's copyright. C&R believes any representation to any prospective purchaser that you do, in fact, have any such right would be unfounded and, ultimately, a form of fraud upon that purchaser, if such purchaser were to rely on such a representation by you.) Third, even if you or some other party were to assert that you had some right in a copyrighted work, C&R is entitled to a full and fair determination of the value of such an interest (should it actually exist). The very brief notice C&R has had of your intentions in this matter has been insufficient to present C&R's views as to the value of the copyright. As you know (or should know) placing a value on a copyright or a license of a copyright is very fact intensive, often requiring the testimony of experts in the field. It certainly requires more than ten days, particularly during a National Emergency that has shut down much of the United States.

Fourth, if you are, indeed, intent on attempting to "take" the copyright (or any portion thereof) of C&R in the McQuillen Place Company, LLC building located at 123 Main Street, Charles City, Iowa C&R is entitled to due process under the "takings" clause of the Fifth Amendment to the United States Constitution and Section 18 of Article I of the Iowa Constitution. C&R has been afforded no such due process. However, C&R disputes that you, even under the Bankruptcy Code, have the authority to "take" C&R's copyright protections, just as you do not have authority to attempt to "take" the drafting equipment in my studio in Barrington, Illinois.

Perhaps an analogy would illustrate this better. Suppose that, included among the worker's personal items that are still at the McQuillen Place Company, LLC building located at 123 Main Street, Charles City, Iowa, there are two of the three discs of a CD version of Gone With the Wind. The Trustee might be able to sell those two CDs to some purchaser, but the Trustee cannot attempt to sell to a purchaser a license to exhibit Gone With the Wind in a movie theatre. Further, the purchaser of the CDs from the Trustee might, hypothetically, attempt to film their own amateur ending in lieu of the third CD, but no one could argue that doing so would give them the right to exhibit the now-complete work to the general public in a theatre. The purchaser of the CD simply does not own any license to exhibit the work, and nothing the Trustee or purchaser does (short of buying a license) will change that.

According to Josh Conley, an intellectual property lawyer at the Zarley Law Firm with an extensive international practice, the concept of the copyright can easily be understood by the following general summary. The existing structure may be demolished and an entirely different structure may be rebuilt on the then vacant parcel, however the C&R copyright license extends to every aspect of the current built structure. The only party who currently has a license to the copyright for that existing structure is C&R.

Finally, C&R demands, as part of the rights C&R possesses under its copyrights, that you inform every person having any interest in the real estate located at the McQuillen Place Company, LLC building located at 123 Main Street, Charles City, Iowa, that you have no interest to convey to them in the C&R copyright, that C&R has a copyright interest which it will vigorously enforce (in Federal court, if necessary) against any infringing party, and that the penalties for infringement (particularly willful infringement) will be substantial. The parties to be so notified would include, but would not be limited to, any party seeking to purchase the real estate from the bankruptcy estate and any potential residential or commercial tenant seeking to lease the McQuillen Place Company, LLC building located at 123 Main Street, Charles City, Iowa or any part thereof.

Nothing in this letter should be deemed or construed to constitute a modification or waiver of any rights James A. Gray, C&R or any affiliated party may have against the McQuillen Place Company, LLC, you (in your capacity as Trustee for McQuillen Place Company, LLC under Case No. 19-00507M, you personally, any person taking any right through you as a purchaser of any asset of McQuillen Place Company, LLC including, but not limited to, the real property located at the McQuillen Place Company, LLC building located at 123 Main Street, Charles City, Iowa.

Yours sincerely,

James A. Gray
Managing Director
Cornice & Rose International, LLC
804 Roberts Road
Barrington, IL 60010

| From: | Kruse, Bradley R. |
| To: | Eric Lam; "Gail_M_Jones@ianb.uscourts.gov" |
| Cc: | "Thomson, Charles"; "Brandon.gray@ag.iowa.gov"; "Rita Grimm"; "Charles L. Smith"; "IANBdb_CRSched"; "Ashley Zubal"; Larry S. Eide (eide@pappajohnlaw.com); "James Gray" |
| Subject: | RE: In re McQuillen Place Bankr N D Iowa 19 507 |
| Date: | Wednesday, April 8, 2020 4:24:57 PM |
| Attachments: | image002.png<br>image003.png<br>image004.png |

Eric,

The redlined Proposed Order does not protect C&R's rights to enforce its copyright with respect to the Property (by being able to bring future claims for copyright infringement) as was discussed and represented to the Court today. Specifically, the first sentence of Par 19 of the Order waives and terminates C&R's right to bring an action based upon the new owner's use and occupancy of the Property. Given the extent of C&R's copyrighted works, which extends to the structural elements of the Property, C&R contends that such use and occupancy is necessarily a violation of C&R's copyright. The language in the first sentence of par 19 effectively constitutes the granting of a license of C&R's copyright by the Trustee, something which the Trustee does not own or have the right to grant. The language in the first sentence of par 19 is also inconsistent with the remaining language of the paragraph.

C&R still stands on its Objection to the Trustee's Motion to Sell. However, if the Court is inclined to issue an Order approving the sale, the language in par 19 needs to be revised to preserve C&R's ability to seek to enforce any and all violations of its copyright with respect to the Property, including but not limited to, any violations resulting from the use and occupancy of the Property by the new owner.

--Brad


**Bradley R. Kruse**



Dickinson, Mackaman, Tyler & Hagen, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3986
direct:(515)246-4505
fax: (515)246-4550



**Confidentiality Notice:** The information in this e-mail and any attachments may be legally privileged and confidential. It is intended solely for the addressee. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

| From: | Kruse, Bradley R. |
|---|---|
| To: | Eric Lam; "Gail_M_Jones@ianb.uscourts.gov" |
| Cc: | "Thomson, Charles"; "Brandon.gray@ag.iowa.gov"; "Rita Grimm"; "Charles L. Smith"; "IANBdb_CRSched"; "Ashley Zubal"; Larry S. Eide (eide@pappajohnlaw.com); "James Gray" |
| Subject: | RE: In re McQuillen Place Bankr N D Iowa 19 507 |
| Date: | Thursday, April 9, 2020 11:35:07 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |

---

Eric,

I understand the language from par 19 quoted below, but for the very reasons stated in the second paragraph of your e-mail below, and based on what you and Smith told the Court yesterday, the first sentence of par 19 of the proposed Order should be deleted.  That language is inconsistent with the language quoted below and is circular and confusing.  The language in the first sentence of par 19 grants the purchaser the right to use and occupy the Property "free and clear of existing and future claims of C &R, whether for copyright infringement or otherwise." If the language quoted below is for the protection of C&R's intellectual property rights, then the language in the first sentence of par 19 is unnecessary and confusing. If the purchaser is not infringing on C&R's copyright, then it has nothing to worry about.  But my client has stated on the record and in pleadings, that any use or occupancy of the Property by the purchaser without the consent of C&R is necessarily a violation of C&R's copyright, given the breadth of such copyright which extends to the structures and components of the building on the Property.

Please delete the first sentence of Par 19.

Thank you.

--Brad

**Bradley R. Kruse**



Dickinson, Mackaman, Tyler & Hagen, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3986
direct:(515)246-4505
fax: (515)246-4550



**Confidentiality Notice:** The information in this e-mail and any attachments may be legally privileged and confidential.  It is intended solely for the addressee.  If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is prohibited and may be unlawful.  If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately.  You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**RESISTANCE, OBJECTION, AND RESPONSE[1] TO MOTION FOR RECONSIDERATION OF ORDER (THOMSON/GRAY)** |

COMES NOW Four Keys, LLC[2] and hereby resists, responds to, and objects to the Motion for Reconsideration of Order filed by Thomson/Gray (Dkt #156), as follows:

A. <u>No Standing</u>

As urged by First Security Bank & Trust Company (the "Bank") in its Motion to Strike[3] (Dkt #150, 4/7/20), in light of the sworn Schedules showing insolvency, Thomson/Gray have no standing and should not be heard. Controlling precedent supports this posture: In *In re Belew*, 608 B.R. 206 (Bankr. App. 8th Cir. 2019), an insolvent Debtor appealed a §363 sale order. The 8th Circuit B.A.P. dismissed the appeal because the insolvent Debtor had no standing. Specifically, the *Belew* debtor's schedules showed assets of $3,052, compared to liabilities of $2,228,698. *Id.* at 209. As a result, there will never be any surplus, and "consequently, [the Debtor] does not have a financial stake in the bankruptcy court's order approving Trustee's proposed sale and thus does lack standing to appeal." *Id.* Any objection to the sale or any appeal by Thomson/Gray as equity security

---

[1] By filing this Resistance, Four Keys, LLC and First Security Bank & Trust Company are not waiving and are instead preserving and reserving any and all other right, title, argument, theory, etc.

[2] Four Keys, LLC is an assignee of the rights to a Purchase Agreement between First Security Bank & Trust Company, as purchaser, and Trustee Charles Smith, as seller. *See* Status Report (Dkt #164, filed April 27, 2020).

[3] No hearing or ruling was held or made re the Bank's Motion to Strike. But in any event standing can be raised at any time. *In re Michels*, 286 B.R. 684, 690 (Bankr. 8th Cir. 2002).

1

holders[4] in this case will meet the *Belew* fate, *viz.* dismissal for lack of standing. As such, Thomson/Gray should not be heard with respect to the Trustee's Sale Motion, and their Motion for Reconsideration should be summarily denied, for lack of standing.

    B.  <u>Cross Examination Issue</u>

Thomson/Gray contend they were deprived of an opportunity to cross-examine Trustee Smith. Such a contention should be rejected. The following arguments support Four Keys' posture:

As part of the Trustee's Sale Motion, the Trustee also filed a motion to shorten the objection bar date (Dkt #133). Thomson/Gray in their capacities as "equity security holders" objected (Dkt #135). This Court held a hearing on Thomson/Gray's objection in the afternoon of March 25, 2020. Toward the end of the hearing, the Bank's counsel suggested and sought input from the parties and this Court concerning exhibit exchanges and identification, and also sought presentation as evidenced by affidavit, pursuant to F.R.B.P. 9017 and F.R.C.P. 43. According to the March 25, 2020 hearing audio disc[5] at time stamp circa 11:58, Mr. Thomson in his capacity as counsel for "equity security holders" told this Court:

> First of all, I support the suggestion that we do this as much as possible by affidavit and that the rules be waived to accommodate the very unusual circumstances we find ourselves in.

In other words, Thomson/Gray did not object to the idea of affidavit presentation, and in fact "support the suggestion."

---

[4] The Sale Objection was filed by Thomson/Gray solely in their capacities as "Equity Security Holders. *See* Dkt #147.

[5] This Court may take judicial notice of its own proceedings, and the hearing audio is available from the Clerk's Office.

2

Further, when Thomson/Gray eventually objected to the Trustee's Sale Motion as "equity security holders," they did not seek any cross-examination opportunity. *See* "equity security holders" objection (Dkt #147, 4/7/20)[6]. The objection from the "equity security holders" was filed <u>after</u> the Bank had identified its exhibits via filing and service on April 6, 2020 (Dkt #146), *i.e.* <u>before</u> Thomson/Gray filed their objection on April 7, 2020, a set of Exhibits was filed and served, and among the exhibits identified by Bank was Trustee Smith's affidavit, *viz.* Exhibit FF. In sum, before the April 8, 2020 telephonic hearing on the Trustee's Sale Motion, Thomson/Gray "support the suggestion" of using affidavits, and they did not object to or raise any issue concerning affidavit tender when they filed their objection on April 7, 2020, even though by April 7, 2020 the Bank had already identified, on April 6, 2020, the tender of the supplemental affidavit from Trustee Smith. The bottom line is Thomson/Gray agreed to and waived any objection against tender of evidence by affidavit.

C. <u>Effect of Trustee Smith's Affidavit</u>

Even if, but not conceding, despite their waiver Thomson/Gray should have been allowed to cross-examine Trustee Smith concerning Smith's affidavit (Exhibit FF), and even if, but not conceding (and if viewed in the light most favorable to them) Thomson/Gray had solicited testimony from Trustee Smith that Trustee Smith did absolutely <u>no</u> advertising etc., the next step is missing, *viz.* Thomson/Gray has not argued that had Trustee Smith properly (in their view) advertised, more money would have been available ***to the Estate***. Specifically, Thomson/Gray simply contend that had Trustee Smith advertised more properly (in their

---

[6] The objection bar date was April 6, 2020. The parties did attempt to negotiate a settlement, and as part of the negotiation the Bank's counsel agreed Thomson/Gray be allowed to file their objections by noon on April 7, 2020, as opposed to the originally-notice objection bar date of April 6, 2020.

3

view), a higher price would have been obtained. However, the Trustee's Sale Motion will generate at least $150,000 free and clear to the Estate. Even if a sale price *twice* the $1.1 million offered by the Bank would have been procured had there been a more proper (in Thomson/Gray's view) advertising campaign, Thomson/Gray has tendered no evidence or argument that anywhere close to $150,000 would be available ***to the Estate*** free and clear. Bearing in mind the hallmark of any §363 sale is enhancement of the Estate, the Estate was not prejudiced even if Thomson/Gray were otherwise improperly denied of the opportunity to cross-examine Trustee Smith. *Cf. In re Sandia Resorts, Inc.*, 2017 WL 1067749, at ** 1-3 (Bankr. D.N.M. 3/21/17) (Debtor corporation's President objected to sale of hotel by Trustee; buyer (assignee of bank mortgagee) would forgive $1,900,000 of its mortgage claim and contribute $500,000 cash; President objected to sale and asserted "he knew of buyers who would pay more than $500,000"; Court overruled objection, because objector did not assert he "knew of buyers willing to pay more than $2,450,000")

Last but not least, even if Trustee Smith's affidavit (Exhibit FF) was completely stricken and not considered, the record still contained sufficient other evidence (against which no one hitherto has objected) to support the Trustee's Sale Motion. First, the Sale Motion too was sworn to by Trustee Smith. *See* Sale Motion (Dkt # 134, filed 3/23/20, at PDF p. 7). No one objected to the Declaration certifying to the factual assertions contained in the Sale Motion. Second, Exhibit GG (Dkt #146) was an affidavit from the Iowa Economic Development Authority ("IEDA"). That affidavit was filed with the Clerk of this Court on March 27, 2020 (Dkt #143), *i.e.* before the April 6, 2020 objection bar date and the April 8, 2020 hearing. No one objected to the consideration of the affidavit from IEDA. Indeed, in their pending Motion for Reconsideration, Thomson/Gray did not mention the

4

affidavit from IEDA, nor did they contend they should have been entitled to cross-examine the IEDA affiant. The affidavit from IEDA (Exhibit GG) detailed the efforts by the IEDA, together with Trustee Smith, to market the property. For example, the following actions were taken by the IEDA:

    i.    To facilitate an active and competitive bidding process for the Trustee to sell McQuillen place, IEDA worked closely with the Trustee, customized the application documents … [and] created a link for shared application documents, and e-mail the information to over two dozen developers (Exhibit GG, at PDF p. 1, ¶4).

    ii.    IEDA participated in the 341 Creditor's Meeting … [and on] that same day, all interested parties toured the incomplete structure … and conducted an initial meeting with the Trustee to discuss a process to seek proposals for the disbursement of the property (*Id.*, at PDF p. 3).

    iii.    IEDA provided the Trustee a mechanism to receive competitive bids for the Acquisition of Real Property and the Personal Property located within the structure (*Id.*, at PDF p. 3).

    iv.    IEDA allowed developers the opportunity to apply for a $1,000,000 federal grant. (*Id.*)

    v.    IEDA modified application documents that are typically used for competitive rounds of [grant] funding and streamlined the personal process by auto-populating some fields of the application process …. IEDA would advise the Trustee as to which (if any) of the applicants will be eligible for the [grant] funds …. (*Id.*)

    vi.    On February 10, 2020, IEDA created a link for shared application documents and e-mailed it to all interested parties … along with the following developers, *id.*, and a total of more than two dozen developers were notified. (Id., at PDF pp. 3-4).

    vii.    The link included a cover letter from the Trustee, all application documents, and instruction that could be disseminated publicly by any interested party. (*Id.* at PDF p. 4).

    viii.    Prior to the proposals being received, IEDA fielded multiple phone calls and e-mails. IEDA answered general questions and directed developers to other sources of information such as the City or the County Assessor. All inquiries were treated equally and promptly. (*Id.*).

ix.     On March 12, 2020, IEDA "met in person with the Trustee and the City to go over the received proposals." (*Id.*)

x.     IEDA then provided a summary of the two bids to the Trustee. (*Id.* at PDF pp. 4-5).

In sum, even if the Trustee's affidavit were completely disregarded, there was ample evidence to enable this Court to make factual findings approving the Sale Motion.

D.  Copyright Issues

Thomson/Gray also raised copyright issues asserted by Cornice & Rose ("C & R"). Thomson/Gray do not own any copyright. They may not assert the right of others. *Cf. Iowa Civil Liberties Union v. Critelli*, 244 N.W. 2d 564, 567 (Iowa 1976) (litigants barred by principle of *jus terti* and lack standing to raise the rights of others). Simply put, Thomson/Gray should not be heard to complain about whatever rights, if any, asserted by other parties.

E.  Mootness and Untimeliness

The Status Report filed by Four Keys on April 27, 2020 (Dkt #164) reported the sale closed on April 24, 2020. The April 9, 2020 Sale Order was stayed for 14 days, pursuant to F.R.B.P. 6004(h). The 14-day Rule 6004(h) stay then expired on April 23, 2020. No further stay was put in place. Therefore, as of the morning of April 24, 2020, when no stay was in place, the sale closed. This is so because the mere pendency of the Motion to Reconsider did not extend the Rule 6004(h) 14-day stay. At best, a Motion to Reconsider extended the time to appeal, pursuant to F.R.B.P. 8002(b)(1). Last but not least, bearing in mind there was a 14-day stay imposed by F.R.B.P. 6004(h) between April 9 and April 23, Thomson/Gray did not file the Motion to Reconsider until 6:21 P.M. on April 23, 2020, *i.e.* less than six hours before the expiration of the 14-day stay. Nothing prevented Thomson/Gray to file their

Motion for Reconsideration earlier. Put another way, they allowed the F.R.B.P. 6004(h) 14-day stay to expire, and they could have at least attempted to prevent the sale from being closed had they filed their Motion to Reconsider earlier and attempted to obtain a hearing or further stay. Instead, to this date Thomson/Gray has not sought any extension of any stay[7]. The Motion to Reconsider is untimely, is moot, and should be denied.

WHEREFORE, Four Keys, LLC respectfully prays this Court enter and enroll an Order denying and overruling the Motion for Reconsideration, and for such other relief as may be just and proper under the premises.

/s/ Eric W. Lam

Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FOUR KEYS, LLC

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 6th day of May, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Kelly Carmichael

Larry S. Eide; Charles Thomson; Charles L. Smith; Monica L. Clark; Brandon Gray; J D Haas; Laura Hyer; Donald H. Molstad; Judith O'Donohoe; Christine B. Skilton; Bradley Sloter; L. Ashley Zubal; Brad Kruse; Rita Grimm (email)

First Security – McQuillen/Pldgs/Drafts/Four Keys Resistance toThomsonGray Mtn to Reconsider.050520.2054.ewl

---

[7] Thomson/Gray at ¶12 of their Motion for Reconsideration "join in the Motion for Reconsideration submitted by C & R." But they did <u>not</u> join the Motion for Stay filed by C & R.

7

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br>**RESISTANCE, OBJECTION, AND RESPONSE[1] TO MOTION FOR STAY** |

COMES NOW Four Keys, LLC[2] and hereby objects to and resists and responds to the Motion for Stay[3] filed by Cornice & Rose International, LLC ("C & R") (Dkt #158 ), as follows:

### I.  NO RULE OF PROCEDURE SUPPORTS THE MOTION

C & R's Motion for Stay cited to no Rule. Four Keys submits no Rule is readily apparent. Specifically, F.R.B.P. 8007 deals with Stay Pending Appeal. But no Appeal is pending. While F.R.C.P. 62(b) does provide that "at any time after judgment is entered, a party may obtain a stay by providing a bond," F.R.B.P. 7062 specifically states "Rule 62 F.R.C.P. applies in adversary proceedings." Indeed, F.R.B.P. 9014(c) specifically provides that in contested matters, F.R.B.P. 7062 does not apply. The Trustee's §363 Sale Motion obviously is a contested matter, within the meaning of F.R.B.P. 9014, *i.e.* the Sale Motion is not an Adversary Complaint. As such, there is no apparent readily applicable Rule that entitles C & R to any stay relief, and C & R has not asked to have Rule 62 apply (and even if C & R does so ask, the burden is on C & R to demonstrate and show cause why Rule 62 should apply). The Motion is procedurally flawed, and should be denied summarily.

---

[1] By filing this Resistance, Four Keys, LLC and First Security Bank & Trust Company are not waiving and are instead preserving and reserving any and all other right, title, argument, theory, etc.

[2] Four Keys, LLC is an assignee of the rights to a Purchase Agreement between First Security Bank & Trust Company, as purchaser, and Trustee Charles Smith, as seller. *See* Status Report (Dkt #164, filed April 27, 2020).

[3] No one else filed any Motion for Stay, and no one has joined in C & R's Motion for Stay.

1

## II. STAY FACTORS

Assuming, but not conceding, that somehow C & R's Motion for Stay is otherwise procedurally proper, and assuming C & R's Motion for Stay is analogous to a request for stay pending appeal, in considering a request for stay pending appeal of a sale order the appellant "must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest." *In re Ross*, 223 B.R. 702, 703 (Bankr. App. 8th Cir. 1998). These four factors incorporate and adopt the familiar *Dataphase* requirements. *Shrink Missouri Government PAC v. Adams*, 151 F.3d 763, 764 (8th Cir. 1998) (referring to *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981)). The burden is on the appellant/applicant to prove all these four factors. *See Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006). The United States Supreme Court succinctly summarized the overriding consideration as follows:

> Stay is an intrusion into the ordinary processes of administration and judicial review … and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant.

*Nken v. Holder*, 556 U.S. 418, 427 (2009). Failure on the part of the applicant/appellant to satisfy all four factors leads to denial of stay request to stop a sale. *Carroll v. Abide*, 2015 WL 5320917, at *1 & *3 (M.D. La. 9/11/15) (movant seeking stay of sale and other orders must prove all four factors); *Cf. Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (party seeking injunction must prove all four *Dataphase* factors); *In re Breland*, 2017 WL 4857420, at *1 (Bankr. S.D. Ala. 10/25/17) (movant seeking stay of a trustee sale pending appeal bears burden to demonstrate "satisfactory evidence on all four criteria and the failure to satisfy one element is fatal to the motion"). Whether to grant a stay of course is discretionary with

2

the bankruptcy court. *E.g.*, *In re Frantz*, 534 B.R. 378, 385 (Bankr. D. Idaho 2015) (in reviewing an order dealing with stay request in a sale appeal, the appellate court merely reviews if the trial court abused its discretion) (citations omitted); *In re CPJFK, LLC*, 496 B.R. 65, 68 (Bankr. E.D.N.Y. 2011) (in the context of an appeal from a sale order, whether to grant a stay pending appeal "lies within the sound discretion of the court") (citation omitted); *cf. Nken*, 556 U.S. at 433 (stay is "an exercise of judicial discretion"). Many courts, notably Bankruptcy Courts and District Courts, have dealt with and denied stay requests from an appeal of a §363 sale order. *E.g.*, *In re Vu-Rose*, 2016 WL 7480248 (C.D. Calif. 12/28/16) (District Court affirmed Bankruptcy Court's denial of stay pending appeal of a §363 Sale Order); *In re TLFO, LLC*, 2016 WL 10952497 (S.D. Fla. 12/14/16) (denying stay pending appeal of sale order); *In re Camp Arrowhead*, 2010 WL 363773 (W.D. Texas 1/22/10) (same); *In re R.J. Dooley Realty, Inc.*, 2010 WL 2076959 (Bankr. S.D.N.Y. 5/21/10) (same); *Golf 255, Inc. v. Eggmann*, 2007 WL 781916 (S.D. Ill. 3/14/07) (same); *In re VCR I, LLC*, 2018 WL 2094301 (Bankr. S.D. Miss. 5/4/18) (same); *In re Trans. World Airlines Inc.*, 2001 WL 1820325, at **2-3 (Bankr. D. Delaware) (3/27/01) (same); *In re Edwards*, 228 B.R. 573 (Bankr. E.D. Pa. 1999) (same); *In re Roth American, Inc.*, 90 B.R. 94 (Bankr. M.D. Pa. 1988) (same)[4]. Four Keys submits application of the four familiar *Dataphase* factors leads to the conclusion the stay request should be denied.

---

[4] Four Keys does not contend there is no reported decisions granting stays pending appeals of sale orders. But Four Keys submits those decisions are few and far between and are distinguishable. For example, *In re Revel AC, Inc.*, 802 F.3d 558 (3d Cir. 2015), is a 2-1 split Panel decision that overruled the Trial Court's denial of a request for stay pending appeal. That decision dealt with a §363 sale <u>and</u> also considered the impact of a tenant's rights under §365(h). *See id.* at 562 (tenant/appellant did not oppose sale, but only attempted to block the sale that would strip the tenant's lease rights, relying on §365(h)). No §365 issue is present in the case at bar. More importantly, the Third Circuit majority found irreparable harm to the movant because not staying the appeal would result in the tenant/movant losing its ability to "operate … a profitable business." *Id.* at 572. The Debtor in the case at bar could not even pay taxes, insurance, fees, administrative costs, and the Debtor lacked capital. *In re McQuillen Place Co., LLC.*, 609 B.R. 823, 831 (Bankr. N.D. Iowa 2019). This case is legally distinguishable from *Revel AC*, and is a factual far cry from the situation in *Revel AC*.

A.    Likelihood of Success on the Merits

In considering a stay request pending appeal, the most important *Dataphase* factor is the likelihood of success on the merits. *Shrink Missouri Government*, 151 F.3d at 764. In that light, C & R seeks a stay based <u>*solely*</u> on its pending Motion for Partial Withdrawal of Reference. *See* C & R Motion for Stay (Dkt # 158) (citing to and referring <u>**only**</u> to its Motion for Reference Withdrawal, and nothing else). Four Keys has filed its Resistance to that Motion for Reference Withdrawal, and that Resistance is incorporated herein as if set forth verbatim. Based on that Resistance, Four Keys submits C & R is not likely to succeed on its Motion for Reference Withdrawal.

B.    Irreparable Injury

First and foremost, the Supreme Court teaches simply showing "some possibility of irreparable injury" does not satisfy this factor. *Nken*, 556 U.S. at 434-35. Second, C & R merely urges somehow its "rights in valuable property (its copyright) will be <u>**clouded**</u>." Precisely (or even approximately) how much is the "cloud" costing C & R is unknown, un-stated, and un-quantified. This "cloud" is at best a "possibility of harm" that the Supreme Court found to be insufficient. In fact, while C & R's Proof of Claim[5] #7  asserts an amount of $2.5 million, the Proof of Claim had appended to it pages of invoices for supplies and materials and fees, and in fact the calculation appended to C & R's Proof of Claim was simply a tally of the invoices for fees and purchases of supplies and materials. And while C & R filed Proof of Claim #7 and referred to copyright, the Claim was not appended by any document such as the license or any termination, nor did it quantify any claim for

---

[5] By filing Proofs of Claim, C & R voluntarily submitted itself to the jurisdiction of this Court, and *Wellness Intl Network, Ltd. v. Sharif*, 575 U.S. 665 (2015) teaches "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge."

4

infringement, other than stating the exact $2.5 million figure displayed in Claim #7 (which dealt with supplies and materials). In sum, to this date C & R has not filed and has not disclosed anywhere what infringement it may have suffered or the amount of any damage. The burden is on C & R to demonstrate "irreparable injury." C & R's Stay Request was supported by no calculation, no estimate, and most importantly, no affidavit. At best one can only surmise, with no factual, evidentiary, or quantitative basis, that C & R may somehow suffer infringement. The state of the record and the mere presence of a "cloud" are a far cry from shouldering proof of irreparable injury.

  C.  <u>Substantial Harm</u>

  With respect to the element of "substantial harm to other litigants," the inquiry focuses on harm caused by issuing a stay of the Sale Order pending appeal. *In re Trans. World Airlines, Inc.*, 2001 WL 1820325, at \*10. In the case at bar, the Trustee and the Estate stand to receive *at least* $150,000 free and clear from the sale. This case has been pending since April 2019. Without the $150,000, the Trustee cannot administer this case. Placing the Trustee in a position to not administer this case and effectively hold the administration of the case in abeyance, while the appeal winds its way through at least two tribunals, will harm and substantially delay the interests of the Estate, the Trustee, and unsecured creditors. Substantial harm therefore will be inflicted to the Trustee. C & R cannot sustain the "substantial harm" prong of the *Dataphase* factors.

  D.  <u>Public Interest</u>

  As urged by the Iowa Department of Economic Development, the public interest of the State of Iowa is to encourage construction of apartment buildings so that as the State

5

emerges from the current health crisis, there will be housing available[6]. No one at the April 8, 2020 hearing before this Court voiced any other public interest. The record therefore convincingly demonstrates it is in the public's interest to allow the sale to proceed. Further, "public interest in upholding the integrity of judicial sales and paying creditors outweighs any interest an out-of-possession principal has in retaining control over the debtor's assets."[7] *In re Sandia Resorts, Inc.*, 2017 WL 1067749, at *5 (Bankr. D.N.M. 3/21/2017).

In sum, given the arguments[8] asserted in this Resistance, and also the arguments contained in Four Keys' Resistance against C & R's Motion for Partial Withdrawal of Reference, the Stay Request should be denied.

### III.    BOND

To the extent, if at all, that F.R.C.P. 62 somehow applies, Rule 62(b) provides a stay "takes effect when the court approves the bond or other security." C & R's Motion did not mention or offer any bond. In an analogous situation involving a bond necessary to stay a judgment on appeal, this Court in *Saracheck v. Luana Savings Bank (In re Agriprocessors, Inc.)* 2016 WL 1554974 (Bankr. N.D. Iowa 4/13/2016) set forth the principles used to determine the amount of a bond pending appeal, *viz.* generally the bond should be the full amount, and the burden is on the appellant to demonstrate otherwise. In *Agriprocessors*, the amount of the Judgment was approximately $1,600,000, and so the bond was set at $1,600,000. In the case at bar, the sale price is $1,100,000. The amount of the bond should therefore be at least $1,100,000, plus the $18,000 of monthly accrual of real estate taxes, assuming, but not conceding, that a stay should otherwise issue. Even if (but not conceding) a stay is somehow

---

[6] Pictures of the Property are appended hereto, showing the almost-complete state of the building.
[7] C & R is not the Debtor's principal. But James Gray is a principal in C & R, *see* C & R Proof of Claim #7, and James Gray is a 40% equity holder in the Debtor. *See* Debtor's Statement of Financial Affairs Q#28 (Dkt #20).
[8] Notably C & R submitted no fact and **no affidavit** with its Motions – it supplied at most only legal *arguments*.

6

otherwise proper, until and unless a $1,100,000++ bond is posted, no stay should be imposed.

## IV. UNTIMELINESS AND MOOTNESS

This Court's sale order was stayed for 14 days pursuant to F.R.B.P. 6004(h). The sale order was entered on April 9, 2020, and so the F.R.B.P. 6004(h) 14-day stay expired on April 23, 2020. Therefore, on April 24, 2020, there was no Rule 6004(h) stay. While C & R did file its Motion for Stay on April 23, 2020, no Request for Expedited Hearing was filed, *see* Bankr N. D. Iowa L.R. 9073-2, no stay was ordered[9], and no bond was posted. *Cf.* F.R.C.P. 62(b) (*if*, but not conceding, Rule 62 applies, stay effective only when bond is approved by the Court). And no one else has sought or obtained any stay[10]. Hence, the sale closed on April 24, 2020. *See* Status Report (Dkt #164, 4/27/2020). Given the sale closing, there is nothing to stay. The Motion for Stay should be denied as moot. Further, C & R filed its Motion for Stay at 7:27 P.M. on April 23, 2020, *i.e.* literally 4.5 hours before the expiration of the 14-day stay period on April 23, 2020. Nothing is evident to demonstrate why C & R did not file or could not have filed its Motion for Stay, Motion for Reference Withdrawal, or its Motion for Reconsideration earlier[11], such as during the 14-day F.R.B.P. 6004(h) stay period. The Motion for Stay is simply untimely, is moot, and should be denied.

---

[9] Again, C & R cited to no Rule in its Motion for Stay. *If* the Motion was based on F.R.B.P. 9024 and F.R.C.P. 60, Rule 60(c)(2) specifically provides the filing of a Rule 60 Motion "does not affect the judgment's finality or suspend its operation."

[10] Equity Holders Thomson/Gray did file their own Motion for Reconsideration, but (a) they did not file any Stay Request and (b) they did not join in any Stay Request.

[11] Four Keys submits C & R surely understands and is acutely aware of litigation tactic. Two examples are evident: First, while Trustee Smith was in the midst of seeking a Sale by issuing his Bid Proposal in February, C & R on March 5, 2020, filed in Federal District Court, via its Attorney Charles Thomson, Complaint #20-2016, naming First Security Bank & Trust Company and its officers and employees (individually) as Defendants, alleging theories of Interference, and seeking a jury trial. Second, after C & R filed its Motions in this Court in April 23, the next afternoon C & R's counsel from Texas issued a "WARNING" letter, addressed to Trustee Smith **personally** and also the Bank's counsel, threatening to sue Trustee Smith and Bank's counsel for allegedly contributing to copyright infringement. A copy of that letter is appended hereto as if set forth verbatim. At a minimum, this record demonstrates C & R is familiar with and uses litigation devices, and C & R is by no means unfamiliar with the

7

WHEREFORE, Four Keys, LLC respectfully prays this Court enter and enroll an Order denying C & R's Motion for Stay Pending Appeal or condition the issuance of any stay on the posting of a bond in the amount of at least $1,100,000 + $18,000 @ month, and for such other relief as may be just and proper under the premises.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FOUR KEYS, LLC

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 6th day of May, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Kelly Carmichael

Larry S. Eide; Brad Kruse; Charles Thomson; Charles L. Smith; Monica L. Clark; Brandon Gray; J D Haas; Laura Hyer; Donald H. Molstad; Judith O'Donohoe; Christine B. Skilton; Bradley Sloter; L. Ashley Zubal; Rita Grimm (by email)

First Security – McQuillen/Pldgs/Drafts/Four Keys Resistance to C&R Mtn to Stay.050520.2114.ewl

---

litigation process. One can only wonder why C & R waited till 4.5 hours before the expiration of a "free" 14-day stay to file its Motions.

8









Osha Liang LLP
Two Houston Center
Suite 3500
909 Fannin St.
Houston, TX 77010

P 713.228.8600
F 713.228.8778
www.oshaliang.com
firm@oshaliang.com

April 24, 2020

**Via e-mail**

Charles L. Smith, Trustee
Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA 51502-0248
csmith@telpnerlaw.com

Eric Lam, Esq.
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
elam@simmonsperrine.com

Larry S. Eide, Esq.
Pappajohn, Shriver, Eide & Nielsen PC
103 E State St # 800
Mason City, IA 50401
eide@pappajohnlaw.com

Re:     *In re: McQuillen Place Company, LLC*
        Cornice & Rose International, Inc.
        Notice of Copyright and Copyright Infringement Warning

Gentlemen:

The undersigned has been engaged by Cornice & Rose International, Inc. ("C&R") to deal with your and your clients' intentional and willful disregard of C&R's architectural works copyrights.

C&R is the owner of the architectural works copyrights associated with the building it designed for McQuillen Place (the "Building"). It has not assigned its copyrights to anyone, and its license to the debtor terminated long ago. Under the Architectural Works Copyright Protection Act of 1990 (the "AWCPA"), C&R's architectural works copyright extends to any embodiment of the building design, including the Building itself. It has thus been the law for almost thirty years that a building constructed without the permission of the copyright owner is an infringing copy of the protected work, and the construction, sale, and rental of such a building are all acts of copyright infringement. Further, those who with knowledge of a copyright, nevertheless induce, abet, or otherwise assist others to infringe that copyright are also liable as



contributory infringers.

After the Trustee filed a Section 363 motion to sell the property that includes the Building, C&R and its counsel advised you of its copyrights, and warned you that the further construction or sale of the building would be acts of copyright infringement. In response, you purported to deal with this issue by inserting language in the sale order that purported to authorize the continued construction of the building (and enjoin the assertion of claims for postpetition acts of copyright infringement) so long as the purchasers of the building did not use C&R's <u>plans</u>.

As raised in C&R's Motion for Reconsideration and its Motion to Withdraw Reference (and, if necessary, will be raised in every possible appellate vehicle), the approach you led the Bankruptcy Court to adopt is contrary to law. First, the bankruptcy court simply does not have the power to authorize or immunize future violations of federal law, especially violations committed by third parties. As courts have observed, bankruptcy law does not authorize violations of the law, such as "selling patented products or, say, going into the cocaine distribution business." *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.,* 140 B.R. 969, 977 (N.D. Ill. 1992). Just as the Bankruptcy Court does not have the power to immunize a purchaser of contaminated real estate from CERCLA liability via a Section 363 order (notwithstanding that doing so might have tremendous value to the estate), it similarly cannot authorize the purchaser of an infringing building to violate Title 17, nor can it insulate those who induce, abet, or otherwise cause such infringement from liability.

Second, the approach you postulated to the Bankruptcy Court is completely at odds with the AWCPA and nearly thirty years of caselaw. Prior to the AWCPA, it was indeed possible to lawfully construct a building designed by someone else without their permission, so long as it was done without "copying" their technical drawings. However, that changed with the adoption of the AWCPA. *See generally Scholz Design, Inc. v. Sard Custom Homes, LLC,* 691 F.3d 182, 188-90 (2d Cir. 2012) (discussing the history and effect of the AWCPA). Your approach simply ignores this seminal change in the law.

Third, to the extent that you believe that the Bankruptcy Court can force C&R to license its works to the trustee, you are mistaken. Nothing in the Bankruptcy Code provides for that. The Copyright Act provides for involuntary "forced" licenses in only very narrow situations (such as "mechanical" licenses of music compositions), but none of those provisions could possibly apply here. Indeed, the Supreme Court declined to expand forced licenses for exactly this reason: if Congress has not provided such a remedy, the courts cannot create it. *See generally* PATRY, W., PATRY ON COPYRIGHTS § 10.86 (West 2020) detailing the history of *Sony Corp. of America v. Universal City Studios, Inc.***,** 104 S.Ct. 774 (1984) based on the Justices draft opinions and correspondence).

Finally, your *ad hoc* additions to the Sale Order that added relief not sought in the Sale Motion put this matter squarely within the realm of disputes subject to a 28 U.S.C. § 157(d)



mandatory withdrawal of the reference. Because this matter requires mandatory withdrawal of the reference, the Bankruptcy Court lacks jurisdiction over it.

As noted in prior communications to you, if the trustee wishes to sell the property to a purchaser who intends to "scrape" the unfinished Building and construct an entirely new structure, that is one thing (in which case your additions to the order were not needed). However, to the extent that the Trustee wishes to maximize the value of the unfinished Building by selling it to a purchaser who can lawfully complete it, he can do so only with C&R's permission.

If you have any questions, please feel free to contact me. Otherwise, we trust you will abide by federal law, and know that we will seek relief against all involved if you do not.

Very truly yours,

*/s/ Louis K. Bonham*
Louis K. Bonham

cc:     Bradley Kruse, Esq.                    **via e-mail**
        Mr. James Gray                          **via e-mail**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MCQUILLEN PLACE COMPANY, LLC | ) | Case No. 19-00507 |
| | ) | |
| Debtor. | ) | Honorable Thad J. Collins |
| | ) | |
| | ) | **MOTION FOR ADMISSION** |
| | ) | **PRO HAC VICE** |
| | ) | |
| _____ | ) | |

Louis K. Bonham, a lawyer who is not a member of the bar of this District, moves to appear in this case *pro hac vice* on behalf of Cornice & Rose International, LLC ("C&R"). Mr. Bonham states that his firm has been retained as counsel for C&R. Mr. Bonham further states that he is a member in good standing of the Bar of the State of Texas and is admitted to practice in all State and Federal Courts in Texas. In addition, Mr. Bonham is admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Second, Fourth, Fifth, Eleventh and Federal Circuits, the United States District Courts for the District of Colorado, the Eastern District of Michigan, and the Southern District of Indiana. Mr. Bonham further states that he agrees to submit to and comply with all provisions and requirements of the rules of conduct applicable to lawyers admitted to practice before the State and Federal Courts of Iowa in connection with his *pro hac vice* representation in this case. Mr. Bonham further states that he is not currently suspended and has not been disbarred in any court.

Mr. Bonham further states that he will comply with the associate counsel requirements of Local Rule 2090-1 by associating with Mr. Bradley R. Kruse of the law firm Dickinson, Mackaman, Tyler & Hagen, P.C. Mr. Kruse is currently in good standing as a lawyer admitted to practice in the State of Iowa (and the State of Illinois), and is admitted to the Bar of this

District.  In addition, Mr. Kruse is admitted to practice before the United States Supreme Court, the Unites States Courts of Appeals for the Sixth, Seventh and Eighth Circuits, the United States District Courts for the Northern District of Iowa, the Southern District of Iowa, and the Northern District of Illinois (including Trial Bar).  Mr. Kruse has entered his Appearance on behalf of C&R in this case.

Mr. Bonham is aware of the requirement in Local Rule 2090-1 that a letter or certification from his bar association confirming his present good standing status is required, and he will be submitting such letter or certificate within 21 days of the filing of this Motion in compliance said Local Rule.  Mr. Bonham further states that he can be contacted at the following location:  Osha Liang LLP, Two Houston Center, Suite 3500, 909 Fannin St., Houston, TX 77010; Telephone: (713) 228-8600; Facsimile: (713) 228-8778.

Respectfully submitted,

By:  ___/s/ Bradley R. Kruse_____
     Bradley R. Kruse, AT00004483
     Dickinson, Mackaman, Tyler & Hagen, P.C.
     699 Walnut St., Ste. 1600
     Des Moines, IA 50309
     Telephone: (515) 246-4505
     Facsimile: (515) 246-4550
     e-mail: bkruse@dickinsonlaw.com

By:  ___/s/ Louis K. Bonham_____
     Louis K. Bonham, Texas Bar No. 02597700
     OSHA LIANG, LLP
     Two Houston Center
     909 Fannin Street, Suite 3500
     Houston, Texas 77010
     Telephone: (713) 228-8600
     Facsimile: (713) 228-8778
     e-mail: mattm@restructuringshop.com

*Counsel to Cornice & Rose International, LLC*

**CERTIFICATE OF SERVICE**

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing dated this 6th day of May, 2020.

/s/ Tiffany Roosa

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

In re:

McQuillen Place Company, LLC,

Debtor.

BKY 19-00507-TJC

Chapter 7

---

**RESPONSE OF THE CITY OF CHARLES CITY, IOWA TO THE (1) MOTION OF CORNICE & ROSE INTERNATIONAL, LLC, FOR RECONSIDERATION OF ORDER DATED APRIL 9, 2020, (2) MOTION FOR RECONSIDERATION OF ORDER, AND (3) MOTION OF CORNICE & ROSE INTERNATIONAL, LLC, FOR STAY PENDING DETERMINATION OF PARTIAL WITHDRAWAL OF THE REFERENCE**

---

COMES NOW the City of Charles City, Iowa and hereby submits its response to the: (1) Motion of Cornice & Rose International, LLC, for Reconsideration of Order Dated April 9, 2020 (the "C&R Motion for Reconsideration") [DKT 155], (2) Motion for Reconsideration of Order (the "Thomson Motion for Reconsideration") [DKT 156], and (3) Motion of Cornice & Rose International, LLC, for Stay Pending Determination of Partial Withdrawal of the Reference (the "Stay Motion" and together with the C&R Motion for Reconsideration and the Thomson Motion for Reconsideration, the "Motions") [DKT 158].

On April 9, 2020, this Court entered an order [DKT 154] approving the sale of 123 N. Main Street, a.k.a. McQuillen Place (the "Project"), to First Security Bank & Trust Company (together with its permitted assignees, the "Purchaser"). As set forth in the Status Report filed by the Purchaser on April 27, 2020 [DKT 164], the sale now has closed. The Purchaser recently paid the sidewalk repair costs incurred by the City in connection with the Project in 2018.[1]

---

[1]    The sidewalk repair costs were included in the proof of claim filed by the Floyd County Treasurer, as Claim No. 13-1.

The sale to the Purchaser presents a viable path to completing the Project.  As this Court is aware, the Project has been unfinished for years.  Any further delays in the completion of the Project will (1) increase the likelihood of it becoming unsalvageable; and (2) negatively affect the community.  It is in the best interests of the citizens of Charles City that the Purchaser is permitted to complete the Project.

WHEREFORE, the City of Charles City, Iowa respectfully requests that this Court deny the Motions and grant such other relief as may be just and proper.

Dated:  May 7, 2020                                        DORSEY & WHITNEY LLP


                                                          By   e/ Monica Clark_____
                                                               Monica Clark (#AT0013338)
                                                               Suite 1500, 50 South Sixth Street
                                                               Minneapolis, MN  55402-1498
                                                               Telephone: (612) 340-2600
                                                               Facsimile: (612) 340-2643

                                                               *Attorneys for The City of Charles City, Iowa*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

In re:

BKY 19-00507-TJC

McQuillen Place Company, LLC,

Chapter 7

Debtor.

---

## UNSWORN CERTIFICATE OF SERVICE

I, Monica Clark, of Dorsey & Whitney LLP, declare that, on May 7, 2020, I caused the following document:

**RESPONSE OF THE CITY OF CHARLES CITY, IOWA TO THE (1) MOTION OF CORNICE & ROSE INTERNATIONAL, LLC, FOR RECONSIDERATION OF ORDER DATED APRIL 9, 2020, (2) MOTION FOR RECONSIDERATION OF ORDER, AND (3) MOTION OF CORNICE & ROSE INTERNATIONAL, LLC, FOR STAY PENDING DETERMINATION OF PARTIAL WITHDRAWAL OF THE REFERENCE**

to be filed electronically with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to all ECF participants.

Dated: May 7, 2020                    DORSEY & WHITNEY LLP


By   e/ Monica Clark
     Monica Clark (#AT0013338)
     Suite 1500, 50 South Sixth Street
     Minneapolis, MN  55402-1498
     Telephone: (612) 340-2600
     Facsimile: (612) 340-2643

     *Attorneys for The City of Charles City, Iowa*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE                                            )    CHAPTER 7
                                                 )    CASE NO. 19-00507
MCQUILLEN PLACE COMPANY, LLC,                    )
                                                 )    TRUSTEE'S JOINDER IN RESISTANCE,
        Debtor.                                  )    OBJECTION, AND REPLY OF FOUR
                                                 )    KEYS, LLC (DOCKET NO. 166) TO
                                                 )    MOTION FOR RECONSIDERATION

        COMES NOW, Charles L. Smith, the Trustee in the above proceeding, and hereby respectfully joins the Resistance, Objection, and Reply of Four Keys, LLC (Docket No. 166) to Motion for Reconsideration.

        WHEREFORE, Trustee prays that the Court grant his request to join in the pleading set forth above; and for such further relief as the Court may deem just and equitable under the circumstances.


DATED:  May 7, 2020                      /s/ Charles L. Smith
                                         Charles L. Smith, Trustee AT0007415
                                         Telpner Peterson Law Firm, LLP
                                         25 Main Place, Suite 200
                                         Council Bluffs, IA  51503
                                         Telephone:  (712) 325-9000
                                         Facsimile:  (712) 328-1946
                                         E-mail:  csmith@telpnerlaw.com


                                CERTIFICATE OF SERVICE

        The undersigned hereby certifies under penalty of perjury, that a copy of this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing on the 7th day of May, 2020.



                                         /s/ Cathy Templeton

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE | ) | CHAPTER 7 |
| | ) | CASE NO. 19-00507 |
| MCQUILLEN PLACE COMPANY, LLC, | ) | |
| | ) | TRUSTEE'S JOINDER IN RESISTANCE, |
| Debtor. | ) | OBJECTION, AND RESPONSE OF |
| | ) | FOUR KEYS, LLC (DOCKET NO. 167) |
| | ) | TO MOTION FOR WITHDRAWAL OF |
| | ) | REFERENCE |

COMES NOW, Charles L. Smith, the Trustee in the above proceeding, and hereby respectfully joins the Resistance, Objection, and Response of Four Keys, LLC (Docket No. 167) to Motion for Withdrawal of Reference.

WHEREFORE, Trustee prays that the Court grant his request to join in the pleading set forth above; and for such further relief as the Court may deem just and equitable under the circumstances.

DATED: May 7, 2020

/s/ Charles L. Smith
Charles L. Smith, Trustee AT0007415
Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA 51503
Telephone: (712) 325-9000
Facsimile: (712) 328-1946
E-mail: csmith@telpnerlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury, that a copy of this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing on the 7th day of May, 2020.

/s/ Cathy Templeton

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE | ) | CHAPTER 7 |
| | ) | CASE NO. 19-00507 |
| MCQUILLEN PLACE COMPANY, LLC, | ) | |
| | ) | TRUSTEE'S JOINDER IN RESISTANCE, |
| Debtor. | ) | OBJECTION, AND RESPONSE OF |
| | ) | FOUR KEYS, LLC (DOCKET NO. 168) |
| | ) | TO MOTION FOR RECONSIDERATION |
| | ) | OF ORDER |

COMES NOW, Charles L. Smith, the Trustee in the above proceeding, and hereby respectfully joins the Resistance, Objection, and Response of Four Keys, LLC (Docket No. 168) to Motion for Reconsideration of Order.

WHEREFORE, Trustee prays that the Court grant his request to join in the pleading set forth above; and for such further relief as the Court may deem just and equitable under the circumstances.

DATED:  May 7, 2020

/s/ Charles L. Smith
Charles L. Smith, Trustee AT0007415
Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA  51503
Telephone:  (712) 325-9000
Facsimile:  (712) 328-1946
E-mail:  csmith@telpnerlaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury, that a copy of this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing on the 7th day of May, 2020.

/s/ Cathy Templeton

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE | ) | CHAPTER 7 |
| | ) | CASE NO. 19-00507 |
| MCQUILLEN PLACE COMPANY, LLC, | ) | |
| | ) | TRUSTEE'S JOINDER IN RESISTANCE, |
| Debtor. | ) | OBJECTION, AND RESPONSE OF |
| | ) | FOUR KEYS, LLC (DOCKET NO. 169) |
| | ) | TO MOTION FOR STAY |

COMES NOW, Charles L. Smith, the Trustee in the above proceeding, and hereby respectfully joins the Resistance, Objection, and Response of Four Keys, LLC (Docket No. 169) to Motion for Stay.

WHEREFORE, Trustee prays that the Court grant his request to join in the pleading set forth above; and for such further relief as the Court may deem just and equitable under the circumstances.

DATED:  May 7, 2020   /s/ Charles L. Smith
            Charles L. Smith, Trustee AT0007415
            Telpner Peterson Law Firm, LLP
            25 Main Place, Suite 200
            Council Bluffs, IA  51503
            Telephone:  (712) 325-9000
            Facsimile:  (712) 328-1946
            E-mail:  csmith@telpnerlaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury, that a copy of this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing on the 7th day of May, 2020.

            /s/ Cathy Templeton

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MCQUILLEN PLACE COMPANY, LLC, | ) | Case No. 19-00507 |
| | ) | |
| Debtor. | ) | Honorable Thad J. Collins |
| | ) | |
| | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR ADMISSION PRO HAC VICE** |
| | ) | |
| _____ | ) | |

This matter coming before the Court upon the motion (the "Motion") of Louis K. Bonham to appear in this case *pro hac vice* on behalf of Cornice & Rose International, LLC; the Court having reviewed and considered the Motion; notice of the Motion being sufficient; the Court finding that the Motion complies with applicable statutes and rules, and the Court being otherwise fully advised in the premises; and good cause appearing therefore;

It is hereby **ORDERED** that:

1.      The Motion is granted.

2.      Louis K. Bonham is hereby authorized to appear in this case *pro hac vice* on behalf of the Cornice & Rose International, LLC.

Dated and Entered:   May  7 , 2020

_____
THE HONORABLE THAD J. COLLINS
UNITED STATES BANKRUPTCY JUDGE