# United States Bankruptcy Appellate Panel
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 24th Floor
### St. Louis, Missouri 63102

**Michael E. Gans**
*Panel Clerk*

**VOICE (314) 244-2430**
www.ca8.uscourts.gov

June 01, 2020

Mr. Bradley Richard Kruse
BROWN & WINICK
Suite 2000, Ruan Center
666 Grand Avenue
Des Moines, IA  50309-2510

Charles M. Thomson
LAW OFFICE OF CHARLES M.
THOMSON
Suite 300
1110 N. Grand Avenue
Charles City, IA  50616

RE:  20-6012  Cornice & Rose International v. Charles L. Smith, et al
     20-6013  Charles M. Thomson, et al v. Charles L. Smith, et al

Dear Counsel:

We have received certified copies of the notices of appeal and docket entries from the Clerk of the United States Bankruptcy Court. In accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Appellate Panel for the Eighth Circuit, these appeals have today been assigned the docket numbers indicated.

On June 1, 2007, the Eighth Circuit implemented the appellate version of CM/ECF. Electronic filing is now mandatory for attorneys. In order to become an authorized Eighth Circuit filer, you must register with the PACER Service Center at:
        https://www.pacer.gov/psco/cgi-bin/cmecf/ea-regform.pl.

Counsel in the case must supply the clerk with an Appearance Form. Counsel may download or fill out an Appearance Form by going to our web site, clicking on "Bankruptcy Appellate Panel" from the menu on the left, then clicking on "Panel Forms". The Panel's Local Rules and Internal Operating Procedures may also be downloaded from our website, which may be found at: http://www.ca8.uscourts.gov.

These appeals have been consolidated for briefing and submission to the court.  A briefing schedule has been issued in these cases and is being sent by separate transmission.

Michael E. Gans
Panel Clerk

Page Two
20-6012 and 20-6013

CAH

cc: Ms. Monica Lynn Clark
 Mr. Larry Eide
 Ms. Jean L. Hekel
 Mr. Eric W. Lam
 Mr. Eric J. Langston
 Mr. Randall E. Nielsen
 Mr. Charles L. Smith
 Mr. James L. Snyder

 Bankruptcy Court Case Number(s): 19-00507

June 01, 2020

CAH

**20-6012    Cornice & Rose International v. Charles L. Smith, et al**

Ms. Monica Lynn Clark
DORSEY & WHITNEY
Suite 1500
50 S. Sixth Street
Minneapolis, MN  55402-1498

Mr. Larry Eide and
    Mr. Randall E. Nielsen
PAPPAJOHN & SHRIVER
Suite 800
103 E. State Street
P.O. Box 1588
Mason City, IA  50401-0000

Mr. Bradley Richard Kruse
BROWN & WINICK
Suite 2000, Ruan Center
666 Grand Avenue
Des Moines, IA  50309-2510

Mr. Eric W. Lam and
    Mr. Eric J. Langston
SIMMONS & PERRINE
1200 Firstar Bank Building
115 Third Street, S.E.
Cedar Rapids, IA  52401-1266

Mr. Charles L. Smith
TELPNER & PETERSON
25 Main Place
P.O. Box 248
Council Bluffs, IA  51502-0248

Charles M. Thomson
LAW OFFICE OF CHARLES M.
THOMSON
Suite 300
1110 N. Grand Avenue
Charles City, IA  50616

FOR INFORMATION ONLY:

Mr. James L. Snyder
U.S. TRUSTEE'S OFFICE
Region 12 District of Minnesota
1015 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN  55402-0000

Ms. Jean L. Hekel
U.S. BANKRUPTCY COURT,
NORTHERN IOWA
P.O. Box 74890
Cedar Rapids, IA  52407-0000

June 01, 2020

Bankruptcy Court Case Number(s):  19-00507

**Caption For Case Number:   20-6012**

In re: McQuillen Place Company, LLC, also known as Classic Cleaners, also known as Classic Cleaners of Charles City

     Debtor

------------------------------

Cornice & Rose International, Inc.

     Creditor - Appellant

v.

Charles L. Smith

     Trustee - Appellee

First Security Bank & Trust Co.; Four Keys, LLC; City of Charles City, Iowa

     Creditors - Appellees


**Caption For Case Number:   20-6013**

In re: McQuillen Place Company, LLC, also known as Classic Cleaners, also known as Classic Cleaners of Charles City

     Debtor

------------------------------

Charles M. Thomson; James A. Gray

     Creditors - Appellants

v.

Charles L. Smith

     Trustee - Appellee

First Security Bank & Trust Co.; Four Keys, LLC; City of Charles City, Iowa

     Creditors - Appellees

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

McQuillen Place Company, LLC

Chapter 7
#19 507

Debtor.

------------------------------------------------------------------

**ORDER AUTHORIZING APPROVING SALE
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND PROVIDING RELATED RELIEF**

Upon the Motion of Trustee Charles L. Smith in this Chapter 7 case for entry of an order pursuant to section 363 of Title 11, United States Code (the "Bankruptcy Code") and Rule 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving (a) the proposed sale by the Trustee to First Security Bank & Trust Company (together with its permitted assigns, the "Purchaser") pursuant to a Purchase Agreement ("Agreement") appended to the Motion of certain real estate (as described more fully in the Agreement, the "Land," the "Improvements," and the "Appurtenant Rights") and personal property (as described more fully in the Agreement, the "Personal Property" and, together with the Land, Improvements, and Appurtenant Rights, the "Property") and (b) the transactions ("Transactions") contemplated in the Agreement; and the Trustee having provided adequate and timely notice to all creditors and parties in interest of the Motion, it appearing that the Purchaser submitted the highest and best offer to purchase the Property; and a Sale Hearing having been held on April 8, 2020; and based upon the record of the Sale Hearing and the facts set forth in the Motion as affirmed by the Trustee's Affidavit; and it appearing that due, good, sufficient and timely notice of the relief sought and granted in this order has been given and that no other or further notice need be given; at which time all

1

interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having had an opportunity to consider all responses and objections to the Motion; and it appearing that the relief requested in the Motion is in the best interests of this Estate, its creditors and other parties-in-interest; and after due deliberation and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[1]

A.      **Jurisdiction and Venue.** This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      **Statutory Predicates.** The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004.

C.      **Notice.** As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion and of the Sale Hearing and the transactions contemplated by the Agreement and this Order (the "Transactions"), has been provided in accordance with Bankruptcy Code and Bankruptcy Rules; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances; and (iv) no other or further notice of the Motion or the Sale Hearing or the Transactions, is or shall be required.

D.      **Opportunity to Object.** A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (a) the U.S.

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

2

Trustee; (b) all creditors of the Debtors, including all parties known to be asserting a lien or

claim on the Property; (c) all entities known to have expressed an interest in acquiring the

Property; (d) the Iowa State and United States taxing authorities; (e) the Purchaser and its

counsel; and (f) all other parties who have filed notices of appearance and demands for

service of papers in this case under Bankruptcy Rule 2002 as of the date of filing the Motion.

All objections to the sale of the Property are overruled or resolved by this Order.

       E.    **Sale in Best Interests.** Good and sufficient reasons for approval of the

Agreement and the Transactions exist, as described in the Motion, and the relief requested in

the Motion is in the best interests of the estate, its creditors and other parties in interest.

       F.    **Business Justification.** The Trustee has demonstrated both (i) good, sufficient

and sound business purposes and justifications and (ii) compelling circumstances for the

Transactions other than in the ordinary course of business under Bankruptcy Code section

363(b) in that, among other things, the immediate consummation of the Transactions with

the Purchaser is necessary and appropriate to maximize the value of the estate. Entry of an

order approving the Agreement and all the provisions thereof is a necessary condition

precedent to the Purchaser consummating the Transactions.

       G.    **Arm's-Length Sale.** The Agreement was negotiated, proposed and entered

into by the Debtor and the Purchaser without collusion, in good faith, and from arms-length

bargaining positions. The Purchaser is not an "insider" of the Debtor, as that term is defined

in Bankruptcy Code section 101(31). The record is devoid of any evidence the Debtor or the

Purchaser has engaged in any conduct that would cause or permit the Agreement to be

avoided under Bankruptcy Code section 363(n). Specifically, the Purchaser has not acted in a

collusive manner with any person and the purchase price was not controlled by any

agreement among bidders.

H.      **Good Faith Purchaser.** The Purchaser is a good faith purchaser of the

Property within the meaning of Bankruptcy Code section 363(m) and is therefore entitled to

all of the protections afforded thereby. The Purchaser has proceeded in good faith in all

respects in connection with this proceeding in that, *inter alia*, the Purchaser agreed to subject

its bid to at least one other competing bid, and all payments to be made by the Purchaser and

other agreements or arrangements entered into by the Purchaser in connection with the

Transactions have been sufficiently disclosed.

I.      **Highest and Best Offer.** The Trustee has considered at least one other bid and

the opportunity to submit bids was given to other  interested parties to make a higher and

better offer for the Property. The Agreement constitutes the highest and best offer for the

Property and will provide a greater recovery for the Debtor's estate than would be provided

by any other available alternative. The Trustee's determination that the Agreement

constitutes the highest and best offer for the Property constitutes a valid and sound exercise

of the Trustee's business judgment.

J.      **Consideration.** The consideration to be paid by the Purchaser constitutes

reasonably equivalent value or fair consideration. No other person or entity or group of

entities, other than the Purchaser, has offered to purchase the Property for an amount that

would give significantly better and greater economic value to the estate. Approval of the

Motion and the Agreement and the consummation of the Transactions contemplated thereby

are in the best interests of the estate, its creditors, and all other parties in interest.

K.      **Free and Clear.** The Debtor is either the sole and lawful owner of the

Property or there is a bona fide dispute as to ownership. The transfer of the Property to the

Purchaser under the Agreement will be a legal, valid, and effective transfer of the Property, and, except as otherwise provided herein, vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Property free and clear of all liens, claims, encumbrances, obligations, liabilities, contractual commitments or interests of any kind or nature whatsoever (collectively, the "Interests"). For the avoidance of doubt, other than the sum of $150,000 (from the sale of the Land, Improvements and Appurtenant Rights) to be released to the Trustee pursuant to the Agreement, all Interests shall attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds. For the avoidance of doubt, any and all lien, interest, or rights asserted against the Land, Improvements and Appurtenant Rights will only attach to the amount attributable to the sale of the Land, Improvements and Appurtenant Rights (viz. $1,075,000 - $150,000 = $925,000) and any and all lien, interest, or rights asserted against the Personal Property will attach to the $25,000 attributable to the sale of the Personal Property sale.

L.    The Purchaser will not consummate the Transactions unless the Agreement specifically provides, and the Bankruptcy Court specifically orders, that none of the Purchaser or its affiliates, members or shareholders or the Property will have any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any encumbrance.

M.    The Debtor may sell the Property free and clear of any Interests of any kind or nature whatsoever because the standards set forth in section 363(f) or 363(b) of the

5

Case 6:20-cv-02041-CJW-KEM   Document 12-28   Filed 07/07/20   Page 9 of 32
Appellate Case: 20-6013      Page: 5      Date Filed: 06/01/2020 Entry ID: 4918934

Bankruptcy Code have been satisfied. Each entity with an Interest in the Property to be transferred on the Closing Date: (i) has, subject to the terms and conditions of this Order, consented to the Transactions or is deemed to have consented to the Transactions or (ii) otherwise falls within the provisions of section 363(f)(4) of the Bankruptcy Code. Those holders of Interests who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to Bankruptcy Code section 363(f)(2). All holders of Interests are adequately protected by having their Interests attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds.

N.     **Not a Successor.** The Purchaser (a) is not a successor to the Debtor, (b) has not, de facto or otherwise, merged with or into the Debtor, (c) is not a continuation or substantial continuation of the Debtor or any enterprise of the Debtor, and (d) is not holding itself out to the public as a continuation of the Debtor. The transfer of the Property to the Purchaser does not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor's business before the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

O.     **Prompt Consummation.** The Transactions must be approved and consummated promptly in order to preserve the Property, to maximize the value of the Debtor's estate and to minimize the claims against the estate. Time is of the essence in

consummating the Transactions.

NOW, THEREFORE, IT IS ORDERED THAT:

1.      **Motion is Granted.** The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2.      **Objections Overruled.** Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3.      **Approval.** The Agreement and all of the terms and conditions thereto are hereby approved. The Trustee and the Purchaser and their respective officers and directors are hereby authorized and directed to: (a) execute the Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Agreement, provided that such additional documents do not materially change its terms; (b) consummate the Transactions in accordance with the terms and conditions of the Agreement and the instruments to the Agreement contemplated thereby; and (c) take all other and further actions as may be reasonably necessary to implement the Transactions as contemplated by the Agreement and this Order.

4.      **Free and Clear.** Except as otherwise specifically provided for in the Agreement or this Order, pursuant to Bankruptcy Code sections 105(a) and 363, the Trustee is authorized and directed to transfer the Property to the Purchaser and, as of the Closing Date, the Purchaser shall take title to and possession of the Property free and clear of all Interests of any kind or nature whatsoever, including but not limited to any existing claims based on copyright infringement, liens or encumbrances, with all such Interests to

7

attach to the proceeds ultimately attributable to the Property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds.

5.      **Valid Transfer.** As of the Closing Date and except as otherwise provided herein, the Transactions effect a legal, valid, and enforceable sale and transfer of the Property to the Purchaser, and shall vest the Purchaser with title to such Property free and clear of all Interests of any kind or nature whatsoever, with all such Interests to attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Property or their proceeds.

6.      **General Assignment.** On the Closing Date, this Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's and the Estate's interests in the Property. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transactions contemplated by the Agreement.

7.      **No Successor Liability.** Neither the Purchaser nor its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Property, to (a) be a successor to the Debtor or its estate; (b) have, de facto or otherwise, merged or consolidated with or into the Debtor or its estate; or (c) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The transfer of the Property to the Purchaser under the Agreement shall not result in (i) the

8

Case 6:20-cv-02041-CJW-KEM    Document 12-28    Filed 07/07/20    Page 12 of 32
Appellate Case: 20-6013    Page: 8    Date Filed: 06/01/2020 Entry ID: 4918934

Purchaser, its affiliates, members, or shareholders, or the Property, having any liability or

responsibility for any claim against the Debtor, (ii) the Purchaser, its affiliates, members, or

shareholders, or the Property, having any liability whatsoever with respect to or be required

to satisfy in any manner, whether at law or in equity, whether by payment, setoff or

otherwise, directly or indirectly, any encumbrance, or (iii) the Purchaser, its affiliates,

members, or shareholders, or the Property, having any liability or responsibility to the

Estate, except as is expressly set forth in the Agreement, including, but not limited to,

liabilities on account of any taxes or other government fees, contributions or surcharges

arising, accruing or payable under, out of, in connection with, or in any way relating to the

operation of the Property prior to the Closing Date.

8.      **Binding Effect of Order.** This Order shall be binding upon and shall

govern the acts of all entities, including without limitation all filing agents, filing officers, title

agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state and

local officials, and all other persons and entities who may be required by operation of law,

the duties of their office, or contract to accept, file, register or otherwise record or release any

documents or instruments, or who may be required to report or insure any title or state of

title in or to any of the Property.

9.      **Binding on Successors.** The terms and provisions of the Agreement

and this Order shall be binding in all respects upon the Debtor, its estate, all creditors of

(whether known or unknown) and holders of equity interests in the Debtor, the Purchaser

and their respective affiliates, successors and assigns, and any affected third parties,

including, but not limited to, and all persons asserting Interests in the Property. This Order

and the Agreement shall inure to the benefit of the Purchaser and its respective successors

and assigns.

   10. **Bankruptcy Code Section 363(n).** The consideration provided by the

Purchaser for the Property under the Agreement is fair and reasonable. Based on the

disclosures made to the Court in the Motion and at the Sale Hearing, the Trustee is not

aware of any facts that would support an argument for avoidance of the Transactions.

   11. **Good Faith.** The Transactions contemplated by the Agreement are

undertaken by the Purchaser without collusion and in good faith, as that term is used in

Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of

the authorization provided herein to consummate the Transactions shall not affect the

validity of the Transactions with the Purchaser, unless such authorization is duly stayed

pending such appeal. The Purchaser is a good faith purchaser of the Property, and is entitled

to all of the benefits and protections afforded by Bankruptcy Code section 363(m).

   12. **Fair Consideration.** The consideration provided by the Purchaser to

the Debtor pursuant to the Agreement for its purchase of the Property constitutes reasonably

equivalent value and fair consideration under the Bankruptcy Code.

   13. **Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to

its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret,

implement, and enforce the terms and provisions of this Order and the Agreement, all

amendments thereto and any waivers and consents thereunder and each of the agreements

executed in connection therewith, including, but not limited to, retaining jurisdiction to: (a)

compel delivery of the Property to the Purchaser; (b) compel delivery of the Purchase Price

to the Trustee or performance of other obligations owed to the Trustee; (c) interpret,

implement and enforce the provisions of this Order and the Agreement; (d) to adjudicate, if

necessary, any and all disputes concerning or relating in any way to the Transactions; and (e)

protect the Purchaser against any Interests in the Debtor or the Property of any kind or

nature whatsoever attaching to the proceeds of the Transactions. This Court shall retain

exclusive jurisdiction with respect to issues or disputes in connection with this Order and the

relief provided herein, including without limitation to protect the Trustee and Purchaser

from interference with the Sale, and to resolve any disputes related to the Sale, the

Agreement or the implementation thereof.

14.    **Surrender of Possession.** All entities that are presently, or on the

Closing Date may be, in possession of some or all of the Property in which the Debtor holds

an interest hereby are directed to surrender possession of the Property either to (a) the

Trustee before the Closing Date or (b) to the Purchaser on the Closing Date.

15.    **Sale Proceeds.** Other than the sum of $ 150,000 (from the sale of the

Land, Improvements and Appurtenant Rights) to be released to the Trustee free and clear,

any and all valid and perfected Interests in Property of the Debtor shall attach to any

proceeds of such Property immediately upon receipt of such proceeds by the Trustee in the

order of priority, and with the same validity, force and effect that they now have against the

Property, as provided in ¶K *supra*. Except as required by this Order or the Agreement, no

proceeds subject to an asserted Interest shall be used or disbursed by the Trustee without the

express consent of the party or parties asserting an Interest therein or further order of the

Court after notice (to all parties who have asserted an Interest in such proceeds) and a

hearing, consistent with the requirements of the Bankruptcy Code.

16.     **Non-material Modifications.** The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the estate.

17.     **Failure to Specify Provisions.** The failure specifically to include any particular provisions of the Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent.

18.     **Stay of Order.** Bankruptcy Rule 6004(h) applies to this Order

19.     **Copyright:** So long as the Purchaser, or its assignee, or its architect or agents do not use the Plans or Drawings or any work in which Cornice & Rose International, LLC ("C & R") holds a valid copyright (the C & R Intellectual Property), the Purchaser, or its assignee, may use and occupy the Property, develop the Property, and complete the existing interior and exterior of the Property, free and clear of existing and future claims of C & R, whether for copyright infringement or otherwise. The Purchaser, or its assignee, or its architect or agents may not use the C & R Intellectual Property without first making arrangements satisfactory to C & R for the use of the C & R Intellectual Property. Nothing contained herein shall preclude future claims of copyright infringement

12

resulting from the improper or unauthorized use of the C & R Intellectual Property by the

Purchaser, or its assignee, or any third parties.

     Dated and Entered:

April 9, 2020

                                          _____
                                       Hon. Thad J. Collins
                                       Chief Judge

*ORDER PREPARED BY:*
Charles L. Smith
Chapter 7 Trustee

1stSecMcQ.Bankr.Pleading.Draft.OrderreSale.040820.1139.ejl.redlined

13

Case 6:20-cv-02041-CJW-KEM    Document 12-28    Filed 07/07/20    Page 17 of 32
Appellate Case: 20-6013    Page: 13    Date Filed: 06/01/2020 Entry ID: 4918934

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
**PROCEEDING MEMO AND ORDER**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| MCQUILLEN PLACE COMPANY, LLC, | ) | |
| | ) | Bankruptcy No. 19-00507 |
| Debtor. | ) | |

Date of Hearing:  May 8, 2020

APPEARANCES:

For Parties-In-Interest: Charles Thomson and James Gray for Equity Security Holders; Bradley Kruse
and Louise Bonham for Cornice & Rose International, LLC; Larry Eide for First Security Bank &
Trust Co.; and Eric Lam and Eric Langston for Four Keys, LLC
Case Trustee: Charles Smith

NATURE OF PROCEEDING:        ____In Court    X   Telephonic

1)   Motion to Reconsider (Doc. 155)
2)   Motion to Reconsider (Doc. 156)
3)   Motion for Partial Withdrawal of the Reference (Doc. 157)
4)   Motion to Stay (Doc. 158)

IT IS ORDERED THAT:

For the reasons stated in the Resistances and Joinders thereto and at the hearing on these matters, the
Motions to Reconsider and Motion to Stay are DENIED.   The Motion for Partial Withdrawal of the
Reference is also DENIED.

Dated and Entered   May 15, 2020

_____
Thad J. Collins, Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MCQUILLEN PLACE COMPANY, LLC, an | ) | Case No. 19-00507 |
| Iowa limited liability company, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1:**        **Identify the appellant(s)**

1.        Name(s) of appellant(s):        Cornice & Rose International, Inc.

2.        Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
x Creditor
☐ Trustee
☐ Other (describe) _____

**Part 2:**                **Identify the subject of this appeal**

1.        Describe the judgment, order, or decree appealed from:

"Order Authorizing Approving Sale Pursuant to Section 363 of the Bankruptcy Code and Providing Related Relief (Related Doc # 134) Dated and Entered on 4/9/2020. (tsta) (Entered: 04/09/2020)" (Docket #154)

"Proceeding Memo and Order. (related document(s)155 Motion to Reconsider, 156 Motion to Reconsider, 157 Motion, 158 Motion To Stay) (jmei) (Entered: 05/15/2020)" (Docket #180)

2.        State the date on which the judgment, order, or decree was entered: April 9, 2020 and May 15, 2020

1

**Part 3:**        **Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Charles L. Smith, Trustee        Attorney:        Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA 51503
Telephone: (712) 325-9000

2. Party: First Security Bank & Trust Co.        Attorney:        Larry S. Eide, Esq.
Pappajohn, Shriver, Eide
& Nielsen PC
103 E State St # 800
Mason City, IA 50401
Telephone: (641) 423-4264

Randy Nielsen, Esq.
Pappajohn, Shriver, Eide
& Nielsen PC
103 E State St # 800
Mason City, IA 50401
Telephone: (641) 423-4264

Eric Lam, Esq.
Simmons Perrine Moyer
Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018

Eric Langston, Esq.
Simmons Perrine Moyer
Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018

3.        Party: Four Keys, LLC        Attorney:        Eric Lam, Esq.
Simmons Perrine Moyer
Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018

2

|  |  |  | Eric Langston, Esq.<br>Simmons Perrine Moyer<br>Bergman PLC<br>115 3rd Street SE, Suite 1200<br>Cedar Rapids, Iowa 52401-1266<br>Telephone: (319) 896-4018 |
|---|---|---|---|
| 4. | Party: Charles M. Thomson | Attorney: | Charles M. Thomson, Esq.<br>Law Office of Charles M. Thomson<br>1110 N. Grand Ave., Suite 300<br>Charles City, Iowa 50616<br>Telephone: (847) 456-1911 |
| 5. | Party: James Gray | Attorney: | Charles M. Thomson, Esq.<br>Law Office of Charles M. Thomson<br>1110 N. Grand Ave., Suite 300<br>Charles City, Iowa 50616<br>Telephone: (847) 456-1911 |
| 6. | Party: City of Charles City, IA | Attorney: | Monica Clark, Esq.<br>Dorsey & Whitney, LLP<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402-1498<br>Telephone: (612) 340-2600 |

**Part 4:**      **Optional election to have appeal heard by District Court** (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Appellant hereby reserves its right to elect under 28 U.S.C. §158(c)(1) at any time prior to the expiration of the

**Part 5: Sign below**

/s/ Bradley R. Kruse                         Date: May 29, 2020
Signature of attorney for appellant(s)

Name, address, and telephone number of attorney

Bradley R. Kruse
Dickinson Mackaman Tyler & Hagen, P.C.
699 Walnut Street, Suite 1600
Des Moines, IA  50309
(515) 246-4505 / bkruse@dickinsonlaw.com

4

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MCQUILLEN PLACE COMPANY, LLC, an | ) | Case No. 19-00507 |
| Iowa limited liability company, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1:       Identify the appellant(s)**

1.       Name(s) of appellant(s):      James A. Gray and Charles M. Thomson

2.       Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
x Creditor
☐ Trustee
☐ Other (describe) _____

**Part 2:              Identify the subject of this appeal**

1.       Describe the judgment, order, or decree appealed from:

"Order Authorizing Approving Sale Pursuant to Section 363 of the Bankruptcy Code and Providing Related Relief (Related Doc # 134) Dated and Entered on 4/9/2020. (tsta) (Entered: 04/09/2020)" (Docket #154)

"Proceeding Memo and Order. (related document(s)155 Motion to Reconsider, 156 Motion to Reconsider, 157 Motion, 158 Motion To Stay) (jmei) (Entered: 05/15/2020)" (Docket #180)

2.       State the date on which the judgment, order, or decree was entered: April 9, 2020 and May 15, 2020

**Part 3:**          **Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Charles L. Smith, Trustee          Attorney:          Telpner Peterson Law Firm, LLP
                                                                25 Main Place, Suite 200
                                                                Council Bluffs, IA 51503
                                                                Telephone: (712) 325-9000

2. Party: First Security Bank & Trust Co.     Attorney:          Larry S. Eide, Esq.
                                                                Pappajohn, Shriver, Eide
                                                                     & Nielsen PC
                                                                103 E State St # 800
                                                                Mason City, IA 50401
                                                                Telephone: (641) 423-4264

                                                                Randy Nielsen, Esq.
                                                                Pappajohn, Shriver, Eide
                                                                     & Nielsen PC
                                                                103 E State St # 800
                                                                Mason City, IA 50401
                                                                Telephone: (641) 423-4264

                                                                Eric Lam, Esq.
                                                                Simmons Perrine Moyer
                                                                     Bergman PLC
                                                                115 3rd Street SE, Suite 1200
                                                                Cedar Rapids, Iowa 52401-1266
                                                                Telephone: (319) 896-4018

                                                                Eric Langston, Esq.
                                                                Simmons Perrine Moyer
                                                                     Bergman PLC
                                                                115 3rd Street SE, Suite 1200
                                                                Cedar Rapids, Iowa 52401-1266
                                                                Telephone: (319) 896-4018

3.     Party: Four Keys, LLC          Attorney:          Eric Lam, Esq.
                                                                Simmons Perrine Moyer
                                                                     Bergman PLC
                                                                115 3rd Street SE, Suite 1200
                                                                Cedar Rapids, Iowa 52401-1266
                                                                Telephone: (319) 896-4018

2

|   |   |   |
|---|---|---|
|   |   | Eric Langston, Esq.<br>Simmons Perrine Moyer<br>Bergman PLC<br>115 3rd Street SE, Suite 1200<br>Cedar Rapids, Iowa 52401-1266<br>Telephone: (319) 896-4018 |
| 4. | 6. Party: City of Charles City, IA | Attorney: Monica Clark, Esq.<br>Dorsey & Whitney, LLP<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402-1498<br>Telephone: (612) 340-2600 |
| 5. | Party: Cornice & Rose International, Inc. | Attorney:  Bradley R. Kruse, Esq.<br>Dickinson   Mackaman   Tyler   &<br>Hagen, P.C.<br>699 Walnut Street, Suite 1600<br>Des Moines, IA 50309<br>(515) 246-4505<br><br>Louis K. Bonham, Esq.<br>Osha Liang LLP<br>Two Houston Center<br>909 Fannin, Suite 3500<br>Houston, TX 77010<br>(512) 480-0667 |

**Part 4:         Optional election to have appeal heard by District Court** (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**


____/s/ Charles M. Thomson_____          Date: _____5-29-2020_____
Signature of attorney for appellant(s)

Name, address, and telephone number of attorney

Charles M. Thomson, Esq.
Law Office of Charles M. Thomson
1110 N. Grand Ave., Suite 300
Charles City, Iowa 50616
Telephone: (847) 456-1911
cthomson@doall.com

4

# U.S. BANKRUPTCY APPELLATE PANEL
## FOR THE EIGHTH CIRCUIT

### APPEAL BRIEFING SCHEDULE

Appeal No.    20-6012   Cornice & Rose International v. Charles L. Smith, et al
                    20-6013   Charles M. Thomson, et al v. Charles L. Smith, et al

Date:         June 01, 2020

These appeals have been consolidated for briefing and submission to the court. This schedule has been established in conformity with Fed.R. Bankr.P. 8015 and 8016. Extensions of time will not be routinely granted.

### TRANSCRIPT REQUIREMENTS:

The transcript must be ordered <u>within fourteen days</u> of the filing of the notice of appeal. Counsel may not "buy time" to file a brief by failing to timely order a transcript. Failure of appellant to provide the transcript may result in the dismissal of the appeal.

### FILING DATES:

Transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **07/01/2020**

Appellant Briefs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .**07/31/2020**

Appellee Briefs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .**30 days from service of Appellant Briefs**

Reply Briefs (optional) . . . . . . . . . . . . . . . . . . . . . . .**14 days from service of Appellee Briefs**

APPEARANCE
## UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE EIGHTH CIRCUIT

### NO. _____20-6013_____

Charles M. Thomson et al.
_____

**vs.**

Trustee Charles L. Smith et al.
_____

**The Clerk will enter my appearance as Counsel for the following party(s):**
**(please specify)** Four Keys, LLC _____

_____

s/ Eric W. Lam
_____
**ATTORNEY NAME**

Simmons Perrine Moyer Bergman PLC
_____
**FIRM NAME**

115 Third St. SE, Suite 1200
_____
**STREET or P.O. BOX**

Cedar Rapids, IA 52401
_____
**CITY, STATE, ZIP**

Ph. 319-366-7641
_____
**OFFICE PHONE NUMBER**

Fax 319-366-1917
_____
**FACSIMILE NUMBER**

elam@simmonsperrine.com
_____
**E-MAIL ADDRESS**

### CERTIFICATE OF SERVICE

[✔] I hereby certify that on June 16, 2020 _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

[✔] I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:
Charles Smith, Larry Eide, Randy Nielsen, Charles Thomson, Monica Clark, Brad Kruse,
_____

Louis Bonham
_____.

s/ Kelly Carmichael
_____

**APPEARANCE**
## UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE EIGHTH CIRCUIT

**NO.** _____20-6013_____

Charles M. Thomson et al.
_____

**vs.**

Trustee Charles L. Smith et al.
_____

**The Clerk will enter my appearance as Counsel for the following party(s):**
**(please specify)** Four Keys, LLC _____

_____

s/ Eric J. Langston
_____
**ATTORNEY NAME**

Simmons Perrine Moyer Bergman PLC
_____
**FIRM NAME**

115 Third St. SE, Suite 1200
_____
**STREET or P.O. BOX**

Cedar Rapids, IA 52401
_____
**CITY, STATE, ZIP**

Ph. 319-366-7641
_____
**OFFICE PHONE NUMBER**

Fax 319-366-1917
_____
**FACSIMILE NUMBER**

elangston@SPMBLAW.com
_____
**E-MAIL ADDRESS**

### CERTIFICATE OF SERVICE

[✔] I hereby certify that on June 16, 2020 _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

[✔] I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:
Charles Smith, Larry Eide, Randy Nielsen, Charles Thomson, Monica Clark, Brad Kruse,

Louis Bonham
_____.

s/ Kelly Carmichael
_____

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**FOR THE EIGHTH CIRCUIT**

| | |
|---|---|
| IN RE:<br>MCQUILLEN PLACE COMPANY, LLC<br>       Debtor.<br><br>CHARLES M. THOMSON et al,<br>       Appellant(s),<br>vs.<br><br>TRUSTEE CHARLES L. SMITH et al,<br>       Appellee(s) | B.A.P. No. 20-6013<br>(consolidated with B.A.P No. 20-6012).<br><br><br>On Appeal From N.D. Iowa<br>Bankruptcy Case No.:19-00507<br><br><br>**APPELLEE'S ELECTION TO<br>PROCEED IN DISTRICT COURT** |

**OPTIONAL APPELLEE STATEMENT OF ELECTION TO PROCEED IN DISTRICT COURT**

**Part 1: Identify the appellee(s) electing to proceed in the District Court**

1. Name(s) of appellee(s): **Four Keys, LLC.**
   _____

2. Position of appellees(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☐ Debtor
   ☐ Creditor
   ☐ Trustee
   **X Other** (describe): **buyer/purchaser_____**

**Part 2: Election to have this appeal heard by the District Court (applicable only in certain districts)**

I (we) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 3: Sign below**

                /s/ Eric W. Lam_____
                Eric W. Lam, AT0004416
                SIMMONS PERRINE MOYER BERGMAN PLC
                115 Third Street SE, Suite 1200
                Cedar Rapids, IA 52401
                Tel: 319-366-7641; Fax: 319-366-1917
                elam@simmonsperrine.com
                ATTORNEY FOR APPELLEE
                FOUR KEYS, LLC
                Date: June 16, 2020

Official Form 417B    Optional Appellee Statement of Election to Proceed in District Court

# Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 16th day of June, 2020, the foregoing document was electronically filed with the Clerk of Court using the Eight Circuit Bankruptcy Appellate Panel's CM/ECF filing system and that a copy of the instrument to which this certificate is attached was mailed via the United States mail with postage fully paid on the 16th day of June 2020, to the parties displayed on the Service List below.

/s/ Kelly Carmichael

**Charles L. Smith, Trustee**
Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
Council Bluffs, IA 51503

**Larry S. Eide**
Pappajohn, Shriver, Eide & Nielsen PC
103 E State St # 800
Mason City, IA 50401

**Randy Nielsen**
Pappajohn, Shriver, Eide & Nielsen PC
103 E State St # 800
Mason City, IA 50401

**Eric Lam**
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266

**Eric Langston**
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266

**Charles M. Thomson**
Law Office of Charles M. Thomson
1110 N. Grand Ave., Suite 300
Charles City, Iowa 50616

**Monica Clark**
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

**Bradley R. Kruse,**
Dickinson Mackaman Tyler &Hagen, P.C.
699 Walnut Street, Suite 1600
Des Moines, IA 50309

**Louis K. Bonham**
Osha Liang LLP
Two Houston Center
909 Fannin, Suite 3500
Houston, TX 77010

McQuillen BAP 20-6012 Drafts/Election to Proceed District Court re Thomson NOA.06162020.1152.ewl

Official Form 417B    Optional Appellee Statement of Election to Proceed in District Court

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE EIGHTH CIRCUIT

_____

No: 20-6013

_____

In re: McQuillen Place Company, LLC, also known as Classic Cleaners, also known as Classic
Cleaners of Charles City

Debtor

------------------------------

Charles M. Thomson; James A. Gray

Creditors - Appellants

v.

Charles L. Smith

Trustee - Appellee

First Security Bank & Trust Co.; Four Keys, LLC; City of Charles City, Iowa

Creditors - Appellees

_____

U.S. Bankruptcy Court for the Northern District of Iowa - Mason City
(19-00507)

_____

## JUDGMENT

Appellees First Security Bank & Trust Co. and Four Keys, LLC have filed an election to

have this appeal heard by the District Court. Accordingly, this case is hereby transferred to the

U.S. District Court for the Northern District of Iowa.


June 16, 2020



Order Entered Under Rule 8013A:
Clerk, U.S. Bankruptcy Appellate Panel, Eighth Circuit.
_____

/s/ Michael E. Gans