UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>McQUILLEN PLACE COMPANY, LLC,<br><br>    Debtor<br><br>―――――――――――――――――<br><br>CHARLES L. THOMSON and<br>JAMES GRAY,<br><br>    Appellant,<br><br>v.<br><br>CHARLES L. SMITH, et al.,<br><br>    Appellees. | District Court Case #6:20cv2041<br><br>Chapter 7 Bankruptcy<br>Case No. 19-00507<br><br><br><br>**RESISTANCE TO FOUR KEYS, LLC'S MOTION TO DISMISS APPEAL (LACK OF STANDING AND JURISDICTION, AND STATUTORY MOOTNESS)** |

COME NOW Charles L. Thomson and James Gray and resist Appellee Four Keys, LLC's Motion to Dismiss Appeal, and state as follows:

## I. SUMMARY

Charles L. Thomson and James Gray (hereinafter collectively as "Appellants") appealed as both holders of equity of Debtor McQuillen Place Company, LLC and creditors of Debtor McQuillen Place Company, LLC. Appellee Four Keys (hereinafter "Four Keys") filed a Motion to Dismiss the Appeal based on several arguments.

First Four Keys argues that Appellants lack standing to bring their appeal. However, as creditors, Charles Thomson and James Gray have a unique and independent damages that provide them with a sufficient basis for standing to bring their

1

appeal. Second, Appellee arguments that the issue on Appeal is moot. In addition, Appellant James Gray has an ownership stake in Cornice & Rose International, LLC (hereinafter Cornice & Rose). Cornice & Rose designed the building on the real estate that the Trustee sold (subject to an objection as to the Bankruptcy Court's jurisdiction) which is the subject to this appeal.

Cornice & Rose, the architect, has intellectual property rights with respect to the property under 17 U.S.C. 102(a)(8), which provides a copyright in "architectural works." The copyright protection afforded the architect for "architectural works" is broad. The only statutory limitations are found in 17 U.S.C. 120 which provide the copyright owner (subsection a) cannot prevent making, distributing or displaying visual representations of the building if ordinarily visible to the public or (subsection b) prevent the owners of a building embodying an architectural work from altering or destroying the building.

Appellants argue that the sale of the building without Cornice & Rose's consent or the Trustee's sale of the building to the extent it purports to be free of Cornice & Rose's copyright (except as limited under 17 U.S.C. 120(a) and (b)) violates Cornice & Rose's architectural copyright. Furthermore, because the Bankruptcy Court sought to adjudicate Cornice & Rose's rights under the copyright, which is not a core proceeding, Appellants believe it is unusual to suggest that it has no standing to appeal an Order that violates its copyright protection.

The Order allowing the sale, paragraph 19, pp. 12-13, is unclear and inconsistent. It allows the use of the property in violation of the copyright of Cornice & Rose, but also provides the purchaser, its assignee, or others, may not use the intellectual property without making financial arrangements with Cornice & Rose, and

then preserves certain, not clearly specified, copyright claims of Cornice & Rose. Therefore, unlike those cases which hold there was no standing to appeal a completed Trustee's sale, this sale is not complete as between Appellants, as owners of Cornice & Rose, and the buyer and the buyer's assignee. A preliminary, but fundamental, question the Court must always decide is whether it has jurisdiction and that is a proper subject of appeal. A Court always has the power to determine jurisdiction and must do so before it can address an issue such as standing.

## II. STANDING AND JURISDICTION

Appellees argument misunderstands Appellant's basis for standing and misapplies the Court's precedent on the issue of standing. The Appellees argue that Appellants are barred from arguing for standing pursuant to their capacity as creditors because in their objections they only specifically referenced their status as holders of equity. The Appellees cite In re AFY, 734 F.3d 810 (8th Cir. 2013) to support their argument. (Appellee Four Keys, LLC Motion to Dismiss Appeal, hereinafter "Motion", pgs. 5-6.).

However, In re AFY, is, at most, only remotely related to the issue before the Court now. In re AFY, the lower Court held that the Appellant lacked standing because they failed to object to a motion to pay funds in the case. Id. at 819. The lower Court further held, arguably as dictum, that even if the Appellant's had objected that their notice was not sufficient to indicate that they were appearing on behalf of their company, Sears Cattle Co. Id. The Eighth Circuit Court of Appeals agreed with the lower Court that the failure to object precluded standing. As a result, the issue as to the sufficiency of the company's appearance in the proceeding was not even a part of the

3

holding. In fact, the portion of the Court's holding that Appellees cite to is not even a part of the Court's decision in that case but rather is the portion of the Court's opinion that relates to the background proceeding. In short, Appellee's fail to properly cite the Court's legal conclusions in the case. (Motion pgs. 4-5).

Moreover, even setting aside the fact that the Court did not rule in the manner that Appellees claim it did, the argument in In re AFY that the Appellants did not adequately identify that they were appearing on behalf of the company is not relevant to this case. In that case, the Appellees claims that Robert and Korley Sears did not sufficiently indicate that they were also giving notice on behalf of their company. This mattered because Robert Sears and Korley Sears are individuals and are not Sears Cattle Co. They may own all or a majority of the company, but they themselves are not Sears Cattle Co. As a result, a separate designation was required on the signature block.

In contrast, Appellants are parties to this case in their capacity of as individuals. As a result, Appellants are afforded standing pursuant to any basis that their individual identities would allow. In short, it is not necessary that Appellants state that they are signing a pleading as a "the holder of equity" or as "creditor" because they are one in the same person. A specific designation is not required in this case because Appellants appeared in their individual capacities and are therefore entitled to argue for standing on any basis allowed by their individual capacities.

### III. 11 U.S.C. 363(m) STATUTORY MOOTNESS CLAIM

In this case, the purchaser was First Security Bank & Trust Company, a mortgage lender that was intimately involved in the proceedings. The property has now

4

been assigned to a related entity. Therefore, the initial purchaser under the Court's April 9, 2020 Order had full knowledge of the architectural copyright claim and the Motion to Withdraw the reference based upon the claimed lack of jurisdiction of the Court.

Appellants understand that the policy to maximize the recovery in the sale of bankruptcy assets, as a general proposition, should allow third parties to bid freely knowing that, once the Bankruptcy Rule 6004(h) stay expires, and have some confidence in the finality of the sale. Appellants do not believe that principal applies when the buyer is intimately involved in the proceedings, fully aware of a unique situation, specifically a copyright dispute and an order approving the sale which contemplates some continuation of copyright protections particularly when there is a substantial question as to the Bankruptcy Court's jurisdiction.

All of the cases relied on, Motion, pp. 10-11, do not involve any of these circumstances. The first case cited, In Re Rodriguez, 258 F.3d 757, 759, noted challenges to the Court's jurisdiction may be raised at any stage of the proceeding. Therefore, while the preliminary ruling on dismissal would not bind the Court of Appeals on full consideration as to lack of appellate jurisdiction for mootness, therefore, the question of whether the Bankruptcy Court had jurisdiction to make the order of sale, which adversely affected the copyright, should be allowed to be raised. Rodriguez also states:

> If, while an appeal is pending, an event occurs that eliminates the court's ability to provide any effectual relief whatever, the appeal must be dismissed as moot.
> ...
> This rule protects the finality of bankruptcy sales and the reasonable expectations of good-faith third-party purchasers.

5

Case 6:20-cv-02041-CJW-KEM   Document 22   Filed 07/27/20   Page 5 of 8

Putting aside whether the bank, or its assignee Four Keys, is a good-faith third-party purchaser, the sale authorized by the April 9, 2020 Order is not a final sale. While paragraph 19, addressing the copyright issue, says the purchaser or its assignee may use and occupy the property free of claims for copyright infringement, the Order then provides the purchaser or assignee may not use the property without first making arrangements satisfactory to Cornice & Rose, and then does not preclude future copyright claims. In other words, the sale remains subject to some continued rights on the part of Cornice & Rose and therefore Appellants have a clear interest.

In Re Trism, Inc., 328 F.3d 1003 (8th Cir. 2003) involved an appeal by the creditors committee of a release of avoidance liability, which was dismissed as moot. The factors the Court noted at 328 F.3d at 1006 are not present here. Overturning a completed sale does not apply in this appeal where the Order approving the sale leaves open the obligation to compensate a party, in this case, Appellants. Putting aside the fact that the buyer was the mortgage lender and had clear knowledge of Cornice & Rose's copyright claim, minimizing endless litigation is not an issue when the sale Order contemplates a continued relationship with the appealing party.

The Court also addressed, 328 F.3d at 1008, the argument good faith protection should not apply to bidders who are creditors. In rejecting that argument, the Court not only analyzed the subsequent authorities construing the cases the Committee cited, but also concluded the plain language of Section 363(m) protects a good faith purchaser but lists no other exceptions.

A review of the plan language of 363(m) is appropriate:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a

6

Case 6:20-cv-02041-CJW-KEM   Document 22   Filed 07/27/20   Page 6 of 8

> sale or lease under such authorization in an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

There is no requirement in Section 363(m) that would require raising whether the party is a good faith purchaser as an appeal issue, and having the reviewing Court decide the issue of good faith as part of the appeal.

In Re Polaroid Corporation, 611 F.3d 438 (8th Cir. 2010), like the other cases cited, did not involve an Order preserving copyright or other issue or the objection to jurisdiction based on the motion to withdraw the reference.

Polaroid noted that in bankruptcy appeals, the finality rule prevents overturning a completed sale to a good faith purchaser in the absence of a stay. 611 F.3d at 440. The statute does not say that the issue of good faith has to be determined, or that boiler plate language in an Order authorizing the sale obviates the issue if the sale is overturned.

In fact, the plain language of the statute would suggest that the issue can't be determined unless and until the sale has been overturned. Since the bank, and its related party assignee, cannot claim they have no knowledge of the copyright issue, since it was raised, and is clearly addressed in the Order, they cannot say that they are good faith purchasers as a matter of law.

The final case relied upon, AFY, 734 F.3d 810 (8th Cir. 2013), again did not involve a challenge to jurisdiction based on the motion to withdraw the reference or a sale that is not final because of reserved issues with respect to the copyright.

IV.     CONCLUSION

Appellants have adequately presented in their individual capacity and are entitled to assert their basis for standing in any manner that is allowed by their individual capacity. As a result, Appellants have standing as creditors in this appeal. There is a substantial question whether the Bankruptcy Court had jurisdiction to resolve a copyright issue which is not a core proceeding. The District Court on this appeal needs to resolve that jurisdictional issue.

Moreover, the buyers clearly knew about the rights of Cornice & Rose under their copyright, as the sale order was amended to preserve issues for that resolution. For those reasons, the Court should deny the Motion to Dismiss the appeal.

TOM RILEY LAW FIRM, P.L.C.

By: _____
PETER C. RILEY     AT0006611
TOM RILEY LAW FIRM, P.L.C.
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406-0998
Ph.: (319) 363-4040
Fax: (319) 363-9789
E-mail: peterr@trlf.com

CHARLES L. THOMSON and JAMES GRAY

PCR/pd

Certificate of Service

I hereby certify that on this ___27th___ day of July, 2020, a true and correct copy of the foregoing was served on attorneys of record via the Court's electronic system:

By: _____